WEBB & HARRIS
*vs*
HOLMES &c.

---

CHANCERY.

# Webb & Harris *vs* Holmes *et al.* and Holmes *et al. vs* Webb & Harris.

ERROR TO THE BULLITT CIRCUIT.

Case 109.

*Conveyances. Remainders.*

*May* 10.

CHIEF JUSTICE EWING delivered the opinion of the Court.

The case stated.

In 1812, Henry Crist and Rachel his wife, by deed of indenture between themselves, of the first part, and their daughter, Sarah Thomas and her husband, Francis, on the other, made a conveyance containing the following recitals and terms: "This indenture, made and entered into this 25th day of July, 1812, between Henry Crist and Rachel his wife, of Bullitt County and Commonwealth of Kentucky, of the *one part*, and Francis and Sarah Thomas of the same place, of the *other part*, witnesseth, that for the love and good will for them and their children, that intending to convey to Sarah Thomas a certain *dower* in lands, for the entire benefit of her and his children, do hereby, and by these presents, transfer, set over, and convey to her and her children forever, all that certain tract, &c."—"Containing, by survey, 355 acres, which said tract of land, with all and singular its appurtenances thereunto belonging, we do hereby transfer and convey to said Sarah Thomas and her children

forever, as above mentioned, clear and free from incumbrances."

Sarah Thomas and her husband took possession of the land, and he having died, she, a widow, remains still in the possession of it, claiming a life estate.

She had four children at the date of the deed, and four have been born since, all of whom are living.

Martin G. Holmes intermarried with the eldest, and having bought out the interests of four of the children, two who were born before and two after the date of the deed, sold the whole, including his wife's interest, to Webb and Harris, the plaintiffs in error, and they filed their bill against the widow, Sarah Thomas, and Holmes and wife, and the rest of the children, for an immediate division of the land and an allotment of their parcel to them. Holmes filed a cross bill, praying for the same thing. Mrs. Thomas answered, and several of the children answered, insisting that the deed passed, or was intended to pass a life estate to her, and a remainder to her children, and if it did not bear that construction, it was the mistake of the draftsman, and prayed that it might be corrected. The deposition of Henry Crist was taken, proving that the conveyance was intended to pass a life estate in the whole to his daughter, Mrs. Thomas, and a remainder in fee, after her death, to her children. The Circuit Court determining that the deed was intended to convey a life estate to the widow, remainder in fee to her children, decreed as the means of securing that object and removing all doubt and embarrassment from the title, that the children and H. Crist, should execute a conveyance accordingly. And Webb and Harris and Holmes have brought the case to this Court for revision.

This is a deed, *inter partes*, in which Crist and wife are named *parties* on the one side, and Sarah Thomas and her husband on the other; the children are no *parties*, nor are they named as such in the caption of the deed, which, by the designation of the parties, is intended to confine the deed to those who are named, in exclusion of all others as *contracting parties*. And as a stranger, who is not party to a deed, can derive no legal interest under it, or maintain covenant on it, so it is well established

*Those who are not parties to a deed can take no present interest under it, nor maintain any suit upon it.*

WEBB & HARRIS
        *vs*
HOLMES &c.

that those who are not *parties* to a deed can take no *pre·sent interest* under it: but those who are not parties may take by way of remainder: (*Co. L.* 231, *a;* 3 M. & S. 308; 8 *Mod.* 116; 4 *Comyn's Digest, title Fait, D.* 2 *and the notes seq. Principal and Agent,* 243.) So to give to the deed operation at all, as to the children, they must be construed to take in remainder only, as they cannot take a *present* joint interest with the mother. And surely such construction should be given to the deed as to give some beneficial interest to the children, as they were clearly intended to be provided for. By giving to them an estate in remainder in fee, to take effect after the life estate of their mother, they all may be provided for, not only those who were born before, but those who were born after the date of the deed, for in that case there is a freehold to support the remainder, until all the children are born. And it may be fairly presumed that it was as much the object of the donor to provide for after born children as those that were born before the date of the deed.

Besides, the use of the term *dower* in the caption, which the donor says he intended to convey to Sarah Thomas, which term, in common parlance, means a life estate, strengthens the conclusion that a life estate to her and remainder to her children was intended.

Disregarding, therefore, the parol evidence of Crist, as incompetent to control the deed, giving that construction to the deed which its face would authorize, as well as that which alone could effect a beneficial operation for the children, we must say that a life estate passed to the wife, a remainder in fee to all the children.

This being the proper construction of the deed, it was not necessary to require the children to convey, and certainly very informal and irregular to require Crist, who was not before the Court, to do so, and the more especially as he had already parted with all color of title, by the conveyance which he had made. But he does not complain, and this irregularity cannot prejudice the plaintiffs in error, nor are they prejudiced by being required to render certain, by a conveyance, that which, by our interpretation, was certain before, but which was so ambigu·

C. conveyed to his daughter, S. T. then a *feme covert,* and her husband F. T. "a certain dower in lands for the entire benefit of *her* and his children, to her and her children forever"—held it was a conveyance to the daughter for life, and the remainder to her children, as well those born after as those born before the date of the deed.

ously expressed as to furnish them with the pretext for seeking to disturb the possession of the widow. Having no title, they cannot be prejudiced by being required to convey, by quit claim deed. For these admitted irregularities, as they are not prejudiced, we ought not reverse.

Decree affirmed.

*Grigsby* for plaintiff.