Chief Justice Marshall
delivered tlie opinion of the Court.
In 1833, the will of George Gill was admitted to probate, containing among others the following clauses:
Item 8. “ I give to Robert S. Sanders in special trust for my daughter Elizabeth Logan and her children the farm on which Robert Logan now lives, containing &c.” also five negroes by name amounting in the whole to the sum of $2000.
Item 10. “I will that the balance of my estate both real and personal, after payment of just debts, be equally divided between my children after my death, with the following exceptions, viz: Robert S.'Sanders as the *232 trustee heretofore appointed by me, for my daughter Elizabeth Logan, &c., is to be charged with the sum of $683, it being money that I have heretofore given her.” Item 11th, and last. “I will that the property heretofore given and named by me to my wife Catharine Gill, be equally divided at her death between my children and Robert S. Sanders, the aforesaid trustee for my daughter Elizabeth Logan and her children.”
At the death of the testator, his daughter Elizabeth Logan had four children ; a fifth was afterwards born, and she died leaving five children and her husband Robert Logan surviving. The youngest child shortly afterwards died in tender infancy. After which Robert Logan died, and then two of the remaining children died in succession and under age, leaving a sister Cynthia, and a brother Lewis Logan the sole survivors. In 1844, Cynthia Logan being of full age departed this life and afterwards in the same year the surviving child Lewis died before attaining the age of twenty-one years. In this state of case the brothers and sisters of Elizabeth Logan, the mother of Lewis, and the descendants of such of them as are dead, claim the whole estate, either as the heirs of Lewis Logan on the part of his mother, or as heirs or devisees of the testator George Gill, and on the ground that the devise to Sanders as trustee was not in fee simple, and has terminated by the death of all of the beneficiaries, and that the estate results to the heirs of the donor or to the other uses of his will. But the collateral relations of Lewis Logan on the part of his father claim one-half of the estate. And this bill was filed by the trustee Sanders, in order that these claimants might interplead, and that the question might be finally settled and himself relieved from the trust and from further responsibility. The Court decreed that the estate should be divided into two moities, of which the collateral relations on the mother’s side should have one, and those on the father’s side the other, and the claimants on the side of the mother‘have, brought the case to this Court.
Where title to land is conveyed to a trustee with out any specification of the duties of the trustee or of the rights of the beneficiaries, he holds a fee under our statutes for the use of the beneficiaries, & it is'subject to the same rules as to its limitation and devolution as a legal estate, and tho’ all the beneficiaries die, the estate does not re? vert, but passes by descent.
The legal title being placed in Sanders as trustee for Mrs. Logan and her children without any specification of the duties of the trustee or of the rights of the beneficiaries, except such as is contained in the word special, we regard him merely as holding the title for the use of the beneficiaries, and can give no further effect to the word special than as indicating- that the legal title was not intended to vest in the beneficiaries, or at most, that as to the interest of Mrs. Logan, it was to be held for her sole and separate use. Which latter construction would not affect any question now to be determined. But upon the premises above assumed, the equitable estate being in the beneficiaries by the will, is subject to the same rules as to its limitation and devolution as if i.t were a legal estate. And although by the common law a devise to a trustee without words of inheritance, in trust for certain beneficiaries without such words, would prima facie pass but a life estate in both the legal and equitable estates, yet as such words are dispensed with by our statute, and as there is nothing on the face of this will to show that a life estate only was intended to be limited, it follows that a fee simple passed both in the legal and the .equitable estate. And as there is' no condition expressed, and as we ihink none implied, on ■which the devise is to be defeated, of the estate to return to the testator’s heirs or devisees, or in any manner to come within the control of his will, we think it clear that so far as it vested in the trustee upon the testator’s death, -it became subject to the rules and power of the law as the estate of the beneficiaries. There is .no question as to the condition in. this respect of so much of the estate as was embraced by the immediate devises in the 8th and 10th clauses, and. to which the trustee and the beneficiaries became entitled .on the death of the testator. And as according to the case of Arnold’s Ex’r, vs Arnold’s Ad’mr., decided at the present term and the cases therein referred to, the interest 'in remainder given by the 11th clause was not contingent but vested, it falls also within the same condition and is subject to the same rules.
A deed conveyiag land to a trustee in “spe-'pial trust for my daughter E L, & her children,”— she then having children, gives a joint interest to the daughter and children: (Turner vs Patterson, 5 Dana, 295) and upon the birth of other children they becyme en-upon the death vivors6 take "'Ey ofthendeceased!r
If the devise could be construed as giving to Mrs. Logan the whole estate for her life, with remainder to her children, then as the whole would have passed to the children by the will of their grandfather and as purchasers, and they would have taken nothing by descent from their mother, the provisions of the 6th section of the act of 1796, would not have applied to any part of the estate which had been concentrated in the infant Lewis Logan, by the death of his mother, and by descent from his brothers and sisters and from his father, and the whole must upon his death have passed in equal rnoities to his collateral relations on the father’s and the mother’s side. But there is nothing in the will to authorize this construction, and upon the authority of the adjudged cases applicable to a devise to a female and her children, she then having children, the devise must be construed as giving a joint interest to her and her children; see Turner vs Patterson, &c., (5 Dana, 295.) And assuming that the estate thus limited would open on the subsequent- birth of another child, of the same mother, so as to vest an interest in such child, it follows that as to the land devised, Mrs. Logan had at her-death a fee simple interest to the extent of one-sixth part thereof, of which one-fifth, that is one thirtieth part of the whole, descended to each of her five children then living. Consequently Lewis Logan at the time of his death, had this thirtieth part by descent from his mother, and under the 6th section above referred to, it passed by descent from him to th.e brothers and sisters of his mother and their descendants, and his relations on the father’s side were entitled to no part of it. The residue however, of twenty-nine thirtieths of the land came to him by devise from his grandfather and by descent not from his mother, but from his brothers and sisters, and in part perhaps from his father, and comes under the 7th section of the act of 1796, which directs a division into tvyo rnoities. And the slaves and personalty not coming within the provisions of the 6th section of the act of 1796, but being subject to the rule *235 laid down in the act of 1785, the whole of that part of the trust estate, must, according to the 5th section of that act be divided into two equal moities, one to go to the paternal and' the other to the maternal kindred. The testator has not provided for the case which has happened, and the law applicable tojt must ■ prevail.
B. Monroe for plaintiffs; Shuck for defendants.
The decree being variant from'this opinion with respect to the division of the land, is for that error alone reversed, and the cause is remanded with directions to render a decree, and direct a division and distribution, in conformity with this opinion.