THOMAS BLINCOE, ET AL., *v.* LYDIA BLINCOE, ET AL.

**Conveyance of Real Estate—Construction of Words used.**

A conveyance of real estate by a mother to her daughter "for and in consideration of the love and affection that I bear my daughter, the said Lydia B. Blincoe, and also for her and her children's better maintenance, support and livelihood * * * to have and to hold the property hereby conveyed to the party of the second part, and her heirs and assigns forever" was held to convey an absolute estate in fee simple to the daughter.

APPEAL FROM FAYETTE CIRCUIT COURT.

April 13, 1876.

OPINION BY JUDGE PETERS:

In 1860 Mrs. Barbara Spurr made a conveyance of a house and lot in the city of Lexington to Mrs. Lydia B. Blincoe as follows: "This indenture made this 22nd day of May, one thousand eight hundred sixty, between Barbara Spurr of the county of Fayette and state of Kentucky of the first part, and Lydia B. Blincoe of the county of Fayette and state of Kentucky of the second part, witnesseth:

That for and in consideration of the sum of one dollar to me in hand paid, and the further consideration of the love and affection that I bear my daughter, the said Lydia B. Blincoe, and also for her and her children's better maintenance, support and livelihood, the party of the first part doth bargain, sell, convey, release and grant to the party of the second part, her heirs and assigns, all that tract and parcel of land situate and being in the city of Lexington on the waters of the town Fork of Elkhorn," giving the specific boundary and derivation of title to the property, and concluding in these words: "To have and to hold the property hereby conveyed to the party of the second part, and her heirs and assigns forever; and the said Barbara Spurr covenants that she will warrant generally the property hereby conveyed. In testimony," etc.

Mrs. Blincoe having passed the title of her estate in the property to a stranger, her children, claiming to be interested, seek by this

suit to establish their right. The deed which we have partially copied is a deed *inter partes,* in which Mrs. Barbara Spurr is the party on the one side, and Mrs. Lydia Blincoe is the party on the other side. Mrs. Blincoe's children are not named as in the caption. The persons named as such are necessarily the contracting parties, to the exclusion of all others, and those who are not parties can take no present interest under it. But in a case where an intention is manifested in a deed to provide for children who are not parties in the caption, they may be permitted to take in remainder. No such an intention is manifested in the deed under consideration. It is made directly to Mrs. Blincoe; the moving consideration is the love and affection of the grantor for her daughter; an additional motive for the grant was for the better maintenance, support and livelihood of the daughter and her children; but the complete legal title, the absolute fee by the granting clause, and the habendum was vested in Mrs. Blincoe. That the grantor intended that the children of Mrs. Blincoe should be benefited by the conveyance of the property may be admitted; but the extent and manner of conferring that benefit was left exclusively in the power of Mrs. Blincoe; no restriction was placed on her power of alienation.

In *Webb & Harris v. Holmes, et al.,* 3 B. Mon. 404, the deed which was the subject of consideration was to Francis and Sarah Thomas in consideration of the love and good will of the grantors for them and their children; and intending to convey to Sarah Thomas a certain dower in lands for the entire benefit of herself and her children, the grantors conveyed to her and her children forever a tract of land, etc. The court gave the children of Mrs. Thomas an interest in remainder, because it was clear from the deed that the grantors intended to provide for them in it.

So in the case of *W. W. Foster v. T. T. Shreve, et al.,* the deed of Weathers Smith to Mrs. Susanna Rogers was a deed inter partes; but the grant was to her and her present heirs, and the habendum was unto her and her present heirs forever, thereby declaring a purpose to provide for the children of his daughter, Mrs. S. Rogers, then living. *W. W. Foster v. T. T. Shreve, et al,* 6 Barb. 518. The language of the deed in this case differs materially from the deeds in the cases cited.

Mrs. Spurr's intention seems to have been to aid her daughter in the discharge of her duties to maintain, support, and procure a livelihood for her children, and not to make specific, permanent provision for the children themselves. She gave to her daughter the property,

and left to her judgment and discretion the mode of using it for the best interests of herself and her children. At all events we do not feel authorized to conclude that the grantor intended to secure to appellants an estate either present or in remainder in the property.

Judgment *affirmed.*

*W. B. & G. B. Kinkead, for appellants.   Z. Gibbons, for appellees.*

