## S. B. ROLLINS, ET AL., *v.* WILLIAM BALLENTINE.

**Property Right in Judicial Decisions.**

Where there has been a long line of judicial decisions, even though such decisions upon principal are erroneous, the public who have bought, sold and owned property thereunder secure a property right therein, and such rules should not be changed by the judiciary, except for very urgent reasons.

APPEAL FROM BALLARD COURT OF COMMON PLEAS.

November 23, 1878.

OPINION BY JUDGE COFER:

It seems to have been the doctrine of this court since *Webb v. Holmes,* 3 B. Mon. 404, was decided, and such seems to have been the rule of the common law from a very early period in its history, that one not a party to a deed cannot take a present interest under it, but that those not parties may take under it by way of remainder. *Foster v. Shreve,* 6 Bush 519. And in *Turner v. Patterson,* 5 Dana 292, it was held that a devise to Kathrine Patterson and her children was prima facie to the children then in being, and that after-born children would take nothing, but the court, anxious to effectuate the supposed intention of the testator, seized upon a very slight circumstance to hold that it was the intention to give Mrs. Patterson a life estate, and to the children the remainder, and thus brought the case within the rule stated in *Webb v. Holmes,* that though not parties to the deed they could take under it in remainder, and the same thing, in effect, was held in *Foster v. Shreve* as to the "present heirs" of Mrs. Rogers.

There is, we admit, some difficulty in understanding what substantial reason can exist for the rule which allows persons not parties to a deed to take under it in remainder, and yet refuses to allow them, although ascertained by the deed itself, to take a present interest. And it is also difficult to understand why a remainder will open to let in after-born children, when an absolute fee will not. It would seem that if the intention of the grantor is to be the sole guide in interpreting the conveyance, the same reason that would let in to share a remainder one not a party to the deed or in esse when it was made, ought also to let in such persons to share an absolute fee, if such were clearly the intention of the grantor.

But experience has proved that it is often more important that legal rules should be stable and uniform, than that they should be right. These rules, however difficult, or even though it be impossible to discover any satisfactory reasons upon which they are based, have become rules of property in this state, and cannot, with safety or with justice, be now overthrown by the action of the courts.

Men have bought and sold on the faith of them, and to overturn them now by the ex post facto action of the courts would, while doing justice to one class of persons, do equal injustice to another

equally large and equally entitled to the consideration of the courts.

We entertain no doubt but that J. P. Edwards, the grandfather of these appellants, intended that all the children of E. R. Edwards, whether born before or after the date of the deed, should share his bounty, but not having taken such precautions to carry his intention into effect as the law required, that intention must fail.

Appellant's counsel cite *Powell v. Powell,* 5 Bush 619; *Gill's Heirs v. Logan,* 11 B. Mon. 231; and *Cessna v. Cessna's Adm'r,* 4 Bush 516, in support of the contrary view.

In *Gill's Heirs v. Logan,* supra, the question here involved was only incidentally referred to, and in that connection the court cites approvingly *Turner v. Patterson,* in which, as we have already seen, it was said that the law would on the language of the devise restrict the right to the children who were in being at the death of the testator, and the after-born children were only let in by holding the devise to be to Mrs. Patterson for life with remainder to her children.

We have examined the record of *Powell v. Powell,* supra, and find the deed there construed was made March 18, 1851, and that Harriett Louisa Powell was born October 12 of that year, so that if she could be regarded as then in being so as to be capable of taking as purchaser, one-half of the difficulty is over. But that she was not a contracting party, and could not, according to the cases of *Webb v. Holmes* and *Foster v. Shreve,* take under the deed, still remains to antagonize that case with former decisions of this court.

In *Cessna v. Cessna's Adm'r,* supra, the question here made was not involved. That was a contest between all the children of W. W. Cessna on one side, and his creditors on the other. True, if the after-born children had been excluded, the interest of their father subject to the payment of his debts would have been larger, but that view of the subject was not called to the attention of the court, and from the opinion does not appear to have been considered. The sole effort of the appellee's counsel in that case, as stated in the opinion, seems to have been to have it adjudged that the children took nothing.

The judgment conforms to the views expressed herein, and therefore it is *affirmed.*

*Crossland & Melton, for appellants.*
*Marshall & Love, Bugg & Bishop, for appellee.*