The circuit court decreed a release of the elder grant held by Anderson, and to reverse that .decree this writ of error is prosecuted.
2. The record of a caveat is shown, and the reason why the grant issued pending the controversy, as shown by the answer of the reg'ster. who is made a party, was probably the existence of two surveys, one to which the caveat applied, and a second returned after-wards, somewhat variant from the first, on which the. grant (m mated.
The rel ief granted by the court below, cannot be sustained, on’the ground of title. There is a survey filed on a removed certificate, not made in the name of the defendant in error; but that of another person, on 'which no assignment appears. But there is proof by depositions, that the defendant in error, has purchased if.- He has not, however,, filed the certificate or exfife *29 biterl any other equitable foundation of the claim. Of course, this survey cannot aid him. A segond survey in the name of the defendant in error, is filed, made on a Kentucky land office warrant. This survey is made after the commencement of this, suit, and nothing but the survey appears. But what is conclusive against both these surveys, is, they are neither of them set up in the bill, or relied on as confirming a valid title.-— They, of course, cannot avail the defendant in error.
^E' 80®'
3. The only remaining ground on which the relief can be based, is, the prohibition of the legislature imposed upon removed certificates, that they should uot be surveyed to cover actual settlements, as relied upon in the bill, and the-general preference given to settlers by a long course of legislation on the subject of appropriating these lands.
We have not deemed it necessary to enquire minutely into the fact, as to which was the first actual settler. The truth perhaps is, that Anderson was settled and resided adjoining the land in contest, before Gore, and lias attempted to add it to his tract by some kind of appropriation. Gore then made his settlement upon the spot, and each is attempting to secure if.
4. it is true that the first acts appropriating vacant, lands, granted them on certain acts to be performed, exclusively to the actual settler. The indulgence in payment of the state price, has been extended toshim more liberally than to others. Persons redeeming, have been postponed to settlers’ rights of a posterior date, or even to actual settlement itself. And the last general act providing for the appropriation of lands, .."(5 Lift. 266,) gave a right of pre-emption to the set-2 tier. But still it would be a great extent of implica, tion to infer, from the spirit of these provisions, a valid title in the settler, who had no claim but his bare entry. These acts of preference to that class, were acts of favor, dictated by the policy then pursued ; and there was nothingthenor now existing, which prohibited the legislature from treating all such as trespassers upon the public lands. At the date of Gore’s settlement, there was no law in force that ensured him the land for his settling it, or that secured to him the right of pre-emption. Nor are we aware of any provision which invalidates a grant obtained, as the grant of Anderson, in a contest with a person having no title, al *30 though he is a settler, except the cases of surveys coming within the purview of the act entitled « an act to revive the law allowing longer time for receiving' plats and certificates into the register’s office,” 4 Litf. 228 i and cases of redemption of lands sold to the state similar to that decided by this court in Dallam vs. Handley, 2 Marsh. 418. This case is not embraced by either of these, and in them the grant is invalid in á court of law. Any law which seems to protect actual settlements from removed certificates, which has been discovered by the court, was designed to afford protection to actual settlers holding claims which were supposed to be defective, and which might be destroyed by subsequent appropriations; and no provision is found strong enough to. warrant a decree against the elder legal title in favor of a person possessing no claim. It is true, the claim of the defendants below’, is the offspring of a mode of appropriation invented without law, by entering withdrawn certificates with the survej or. and belongs to a class condemned by this court in the case of Walker vs..Monroe, 2 Marsh. 402, But however irregular and illegal the proceedings before the patent may be, it passes the legal estate as to, the government, and it ought not to he taken away in favor of an individual, who has shown no claim in law or equity, and who. consequently is not prejudiced by these irregularities.
*■ Dig. 724
2 Dig 806.
• 5. We would further remark, with regard to the. right of pre-emption secured to the settler by the general appropriation act of the 6th of February, 1815, it must be taken advantage of by obtaining a certificate from some court pointed out in the act, which the defendant in error has not done; and if he had done it, the preference given him would only extend to claims arising under the same act, and would not permit him, 1© enter the list with claims arising under former laws, by the express provisions of the act itself, as was decided by this court in the case of the Justices of Allen county vs. Allen, 2 Marsh 30.
The decree must therefore be reversed with costs, and the cause be remanded with directions there to dissolve the injunction, and dismiss the bill with costs.