JTTDGE PETERS
delivered the opinion oe the court:
William Cessna, in consideration — partly for love and affection — for nine hundred and thirty-three dollars and thirty-two cents, and for board and care, covenanted with his son, W. W. Cessna, to convey to him “ and his lawful children” a certain tract or parcel of land, described in a writing evidencing the contract.
At the date of the writing W. W. Cessna had three children, and after that time three more were born to him. He and his father both died without any conveyance having been made for the land described in said covenant; and this is a controversy between the children of said W. W. Cessna and his widow and creditors, whether the children are entitled to any part of the land under said contract.
The court below adjudged to the children the one half of said land, and that the other half was liable to the payment of the debts of W. W. Cessna, subject to his widow’s dower. From that judgment the children of W. W. Cessna have appealed, and his creditors and widow prosecute a cross-appeal.
Appellants insist that they are entitled, as joint purchasers, to six sevenths of the land, while cross-appellants contend that the words “ lawful children1'’ are synonymous with the words “ heirs of the body,” “ heirs lawfully begotten of the body, fyc.,” which have been, repeatedly construed by this court as appropriate words of limitation, creating an estate tail, which, by the statute of this State, is converted into a fee simple; and there being nothing in the writing relied upon in this case authorizing an inference that the words were used in a sense different from their technical legal signification, they should be so regarded, and that, consequently, the children could take nothing except as heirs of W. W. Cessna.
*518 This argument is founded on a misapprehension of the meaning and legal effect of the word “ children,” which is a word of purchase and not of limitation, and, by its insertion in the bond, as there were children then in being, they were parties vendees just as much as if they had been specially named.
The legal and technical signification of the words of the instrument under consideration being altogether different from those construed in Johnson vs. Johnson (2 Met., 331), and True vs. Nicholas (2 Duvall, 547), consequently there is no analogy between the cases.
As children were born to W. W. Cessna after the date of the writing aforesaid, the estate would open up to such after-born children, and they would take their respective shares.
Wherefore, the judgment on the original appeal is reversed, and the cause is remanded, with directions to render judgment in favor of the appellants for six sevenths of said land, and for further proceedings consistent with this opinion. The judgment is affirmed on the cross-appeal.