Powell vs. Powell, &c.

CASE 64—PETITION EQUITY—SEPTEMBER 29.

## Powell vs. Powell, &c.

APPEAL FROM CAMPBELL CIRCUIT COURT.

5bu619,
118   425

5bu 619
d121   28

5bu 619
132   776.

1. TITLE TO REAL ESTATE VESTED IN A MARRIED WOMAN AND HER CHILD OR CHILDREN.—A child born to them, *eo instanti* became a joint tenant with its mother in real estate, which had been previously conveyed to the mother and her child or children, begotten by her then husband; and

2. Power in the husband to superintend, and, with the concurrence of the wife, to sell and convey real estate, the title to which had vested in the wife and her child, did not authorize the husband to convey the interest of the child to its mother. This anomalous power in the deed did not contemplate a conveyance by the husband to his wife; but only some conveyance *by him· and her* to a stranger, and even then, of *her title only*, and not of her infant joint tenant's independent and indefeasible title. The conveyance of the child's interest to the mother by the husband was utterly void.

ROBERT SIMMONS,                    For Appellant.

JOHN G. CARLISLE,                  For Appellees.

---

Powell vs. Powell, &c.

---

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

O. R. Powell, owning one undivided third of some lots in Covington, Kentucky, conveyed his title to John Colvin, who conveyed the same to the wife of said O. R. Powell, and her child or children, "begotten" by him, with power in the husband to superintend, and, with her concurrence, sell and convey the property *as husband.* Shortly after the date of the conveyance, *Harriet Louisa Powell,* their child, was born, and *eo instanti* became a joint tenant with her mother by the legal effect of the deed to her as prospective co-purchaser. And not long afterwards her parents were divorced, and her father presumed to make to her mother alone a conveyance, purporting to vest in the mother the entire and exclusive title to the third, which Colvin had conveyed to mother and child as joint tenants. The anomalous power in Colvin's deed did not contemplate a conveyance by the husband to his wife, but only some conveyance *by him and her* to a stranger, and, even then, of *her title only,* and not of her infant joint tenant's independent and indefeasible title.

The title, as conveyed by Colvin's deed, therefore, remained unaffected by the latter deed, which was utterly *void.* But on a petition for partition among all parties interested, the said mother, claiming to her own use one entire third, the circuit court decreed it to her and excluded her daughter, who rightfully claims one half of the third erroneously allotted to her mother; and, to obtain proper relief, appeals to this court. The judgment in that respect being erroneous, is reversed, and the cause remanded for a decree allotting to the appellant one sixth, and to her mother only one other sixth, of the land to be divided under the petition.