GILLIE A. GLOVER *v.* MARY CARTER, ET AL.

**Wills—Construction of Will—Heirs—Children.**

> When by will the testator uses the words to a person "and his heirs by his present wife to have and to hold to him and his heirs by his present wife forever," it is held that the word heirs is used in the sense of children and that the person named and his children took a present absolute estate in the land devised.

APPEAL FROM BATH CIRCUIT COURT.

April 14, 1876.

OPINION OF JUDGE LINDSAY:

The testator gave his lands to James F. Glover and his heirs by

his present wife, and concluded the desire with these words, "to have and to hold to him, the said James F. Glover, and his heirs by his present wife, forever."

Appellant insists that, by the common law, these words would create an estate in special tail in James F. Glover, and that our statute eo instanti and of its own force transformed it into an estate in fee simple. It will never be assumed that a testator or grantor intended to create an estate tail unless his language leads naturally and legitimately to that conclusion. If the instrument will allow another construction, not involving the necessity of distorting or straining the obvious meaning of the expressions used, the courts will incline to adopt it as the correct one. *Breckenridge & Wife v. Denny et al.*, 8 Bush 523.

It is manifest here that the testator intended to vest the children of James F. Glover, and his then wife, with a present and absolute estate in the land devised. He used the words "heirs" in the sense of children. Of this there can be no doubt. We do not think the devise will admit of the construction that James F. Glover took a life estate, with remainder to his children. The case of *Jarvis & Trabue v. Quigley*, 10 B. Mon. 104, does not support that view. The court said in that case that the conveyance to the sole use of the wife and her children, in being and expecting, might be understood as giving to the wife an interest in common with her children, but that such was not the necessary construction, and it was repelled by the other provisions of the deed.

In *Foster v. Shreve*, 6 Bush 519, it was held that the mother took a life estate with remainder to her children, upon the idea that she was the only grantee mentioned in the caption of the deed. The children were not parties to the deed, and could not take a present interest. But as it was evident that they were intended to be beneficiaries under it in some way, the court harmonized its provisions by holding that the mother took an estate for life with remainder to her children.

In the case of *Cessna, et al., v. Cessna's Admr.*, 4 Bush 516, the bond was executed to W. W. Cessna and his lawful children. The court held that the father and children were joint vendees and held in equity as tenants in common. Treating the words "heirs" as synonymous with "children" the provisions of the second clause of the will of R. C. Moore, deceased, are of exactly the same legal import with the bond to W. W. Cessna and his lawful children. The two instruments should, therefore, receive the same construction.

We conclude that James F. Glover and his two children by the present appellant, were holding the lands devised to them by the testator as tenants in common at the time of his death. The appellant as his surviving widow is entitled either to dower, or to a homestead out of his one undivided third of said lands. The judgment denying her any interest whatever in the realty of her deceased husband is *reversed.*

The cause is remanded for further proceedings, and for a final judgment not inconsistent with this opinion.

*V. B. Young, Nesbitt & Gudgell, for appellant.*
*B. D. Sacy, Apperson & Reid, for appellees.*