### W. T. DAVIS v. BENJAMIN HARDIN, ET AL.

[Kentucky Law Reporter, Vol. 1—165.]

**Rule of Construction.**

　　When the court is satisfied, from an examination of a written instrument, that to follow a rule of construction will defeat the intention of the parties to it such a rule will not be followed.

**Provision for Wife and Children.**

　　When a husband makes provision for his wife and children, he should be presumed to do so with the intention to give the whole to the wife for life, remainder to the children, unless a contrary intention is shown from the terms of the provision or from the facts and circumstances attending it.

APPEAL FROM MERCER CIRCUIT COURT.

June 29, 1880.

OPINION BY JUDGE COFER:

The objection of all construction is to discover and effectuate the intention of the person whose writing is to be construed; and, while technical rules may aid in many cases in accomplishing the result sought, they are not to be followed when the court is satisfied, from an examination of the instrument, that to follow the rule is to defeat the intention. *Turman v. White's Heirs,* 14 B. Mon. 560.

While the court must deduce the intention from the words of the instrument, those words may be read in the light of attending circumstances and the relation of the parties. A father making provision for his child, and that child's children, may well be supposed to have intended them to take jointly. They are all of his blood, and the natural objects of his bounty. But when a husband makes a conveyance to his wife and their children there is less reason to suppose that he intended they should take as joint tenants, whereby his bounty may, by her death, pass into the hands of a stranger, even as against himself.

No doubt Jones desired and intended that his wife should enjoy the property equally with their children, but it would be unnatural to suppose that he intended to invest her with an estate which might pass from her to strangers to his blood. This case seems to illustrate the utter unreasonableness of applying to every deed or will the same rule of construction, with a view to ascertain the intention of the grantor.

The record shows that soon after the deed was made the grantor and his wife separated and were divorced; that each subsequently married again, and died, leaving a child of the second marriage surviving. If we apply to this case the rule announced in *Cessna v. Cessna,* 4 Bush 516, and *Foster v. Shreve,* 6 Bush 519, the result will be that the bounty of the grantor will be entirely divested from his family and blood, and the child of his wife's second marriage will receive an interest in the property, while his own child will be excluded.

It would be far more reasonable to suppose he intended to give his wife a life estate, remainder to their children, as was held in *Webb v. Holmes,* 3 B. Mon. 404. The deed provided for the enjoyment of the use of the property by the grantor and his wife, unless the trustee should take possession of it, and that in that case

he should pay the entire rent and profits to the wife, thus showing that it was not his purpose to make present provision for the child then in being, or those that should be hereafter born. His only child was then an infant of tender years, and this also conduces to show that he did not intend it should take a joint interest with the mother.

When a husband makes provision for his wife and children, he should be presumed to do so with the intention to give the whole to the wife for life, remainder to the children, unless a contrary intention is manifest from the terms of the provision or from the facts and circumstances attending it.

None of the cases referred to by counsel for appellant are of that character, except the case of *Powell v. Powell*, 5 Bush 619. We have examined the deed construed in that case, and find that, like the deed in Webb v. Holmes, it was a deed interpartes between Calvin of one part and Wm. Powell of the other. It was held in Webb v. Holmes and Foster v. Shreve that under such a deed the wife took only a life estate, and it would have been so held, no doubt, in the Powell case if the question had been made and the attention of the court had been called to the former case. But the child claimed only one-half of the estate, and the case of Webb v. Holmes does not appear to have been cited.

That it was not intended to overrule Webb v. Holmes is shown, not only by the fact that the case was not mentioned, but by the further fact that Foster v. Shreve was decided afterward and approved and followed Webb v. Holmes.

Judgment *affirmed*.

*Thos. C. Bell, P. B. Thompson, Jr., C. A. & P. W. Hardin,* for appellant. *O. S. Poston, P. B. Thompson, Sr.,* for appellees.

[Cited, *Bullock v. Caldwell,* 81 Ky. 566, 5 Ky. L. 576; *Fletcher v. Tyler,* 92 Ky. 145, 13 Ky. L. 421, 17 S. W. 282, 36 Am. St. 584; *Koenig v. Kraft,* 87 Ky. 95, 9 Ky. L. 945, 7 S. W. 622, 12 Am. St. 463; *Frank v. Unz,* 91 Ky. 621, 13 Ky. L. 226, 16 S. W. 712; *Stevens v. Bakrow,* 104 Ky. 181, 20 Ky. L. 465, 46 S. W. 686; *Goodridge v. Goodridge,* 91 Ky. 507, 13 Ky. L. 70, 16 S. W. 270; *Meriwether v. Meriwether,* 10 Ky. L. 669, 10 S. W. 272; *Smith v. Upton,* 12 Ky. L. 27, 13 S. W. 712; *Brand v. Rhodes' Adm'r,* 17 Ky. L. 97, 30 S. W. 597; *Stewart v. Robinson,* 25 Ky. L. 66, 74 S. W. 652; *McFarland v. Hatchett,* 118 Ky. 423, 26 Ky. L. 276, 80 S. W. 1185; *Hall v. Wright,* 121 Ky. 16, 87 S. W. 1129, 27 Ky. L. 1185; *Bowe v. Richmond,* 33 Ky. L. 173, 109 S. W. 359; *Hall v. Moore,* 32 Ky. L. 56, 105 S. W. 414; *Harkness v. Lisle,* 132 Ky. 767, 117 S. W. 264.]