JORDAN McGINNIS ET AL. *v.* SAM W. BANTA ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—256.]

**Meaning of the Word "Children" in Conveyance.**

While the word "children" is ordinarily a word of purchase it should not be so construed when such a construction is opposed to the intent of the grantor.

APPEAL FROM MERCER CIRCUIT COURT.

September 26, 1882.

OPINION BY JUDGE PRYOR:

The intention of the grantor is plainly manifested by the provisions in the conveyance and in determining that the wife took a life estate it does not in our opinion conflict with the legal signification of the language used. The purpose was to secure the land to the exclusive use of the grantor's wife and children by their marriage, and the consideration causing the conveyance

consisting alone in the love and affection he had for his wife and children. To give the children an equal interest with the wife would be to vest her with a fee-simple title to an equal part with the children in the land, and by this construction that part of the land would pass from the hands of the original grantor to the children by the second marriage and they would inherit equally with all of their mother's children. The mother having married a second time the children by the first husband want a division. The chancellor determined that the mother has a life estate, remainder to the children and in this view he is supported by the case of *Davis v. Hardin,* 80 Ky. 672, 1 Ky. L. 165, and *Webb v. Holmes,* 3 B. Mon. (Ky.) 404, and *Foster v. Shreve,* 6 Bush (Ky.) 519. While the word "children" is ordinarily a word of purchase it should not be so construed when opposed to the intent of the grantor.

Concurring with the court below the judgment is *affirmed.*

*Thompson & Thompson, for appellants.*

*Bell & Wilson, for appellees.*