CASE 88—EQUITY—JANUARY 22, 1884.

# Bullock, &c., v. Caldwell.

### APPEAL FROM NICHOLAS CIRCUIT COURT.

A conveyance to "Nannie S. Bullock and her children, of the second part, to have and to hold said tract of land to the parties of the second part, their heirs and assigns forever," creates an undivided estate in fee simple to the mother and children respectively.

HOLLADAY AND J. P. NORVELL FOR APPELLANTS.

The court erred in adjudging that Mrs. Bullock had a life estate in the land. She had an undivided ninth part, there being eight children. (Foster v. Shreve, 6 Bush, 522; Webb v. Holmes, 3 B. Mon., 404.)

E. C. PHISTER FOR APPELLEE.

The proper construction of the deed is, if the children have any interest, to give it to them in a body after the interest of their mother has expired.

She takes a life estate, with remainder to the children, if, indeed, she does not take the fee.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The conveyance in this case is *to Nannie S. Bullock and her children, of the second part, to have and to hold* said tract of land to the parties of the second part, their heirs and assigns forever. The conveyance is from the father to the daughter and her children. Under this conveyance the parties of the second part hold as joint tenants. What effect the conveyance could have as to after born children is not a question before us, but it is manifest that the children living were parties to the deed, and took a present interest in the property conveyed. The fact that their names were not inserted in the deed does not authorize the conclusion that the mother was the only contracting party, or that the grantor intended to confine the present interest to the daughter alone, to the exclusion of the children. (Powell v. Powell, 5 Bush, 619.)

In Davis v. Hardin (reported in 80 Ky.) this court said: "A father making provision for his child and that child's children may well be supposed to have intended them to take jointly. They are all of his blood and the natural objects of his bounty. If others were named in such a grant than the children, there would then be no room for a contention, and because the word children is used, affords no reason for inferring an intention on the part of the grantor to make a different disposition of the estate than the plain language of the instrument indicated, and then to reverse the rule, when applied to strangers, for the reason that such a conveyance is susceptible of but one construction. Nor is there any reason to suppose that the draftsman would employ such language in a conveyance when the grantor's purpose is to *give or grant* the estate to the daughter for life, and the remainder to her children. No one competent to reduce to writing the substance of an ordinary business transaction between parties, would overlook the wishes of the grantor in using the language found in this deed, if his purpose was to create a life estate in the daughter, with a remainder to her children. The object of construing instruments of writing like this, whether in a grant or devise, is to ascertain the intention of the party making, and while the words *"for life"* may not be used in the conveyance, there may be other words or expressions, or such a relation between the parties, as would indicate a plain intent to limit the interest conveyed, or to grant to one in the same instrument a less estate than to another. But here the conveyance is to *Nannie Bullock* and her children, in consideration of love and affection, with the terminous clause, *to them and their heirs forever;* so there is nothing on the face of the deed to indicate a purpose to convey any other than a joint estate to the parties of the second part.

In the case of Davis v. Hardin, this court said that the instrument must be read in the light of surrounding circumstances, and, therefore, when a husband conveyed *to his wife and children*, there was less reason to suppose that he intended they should take as joint tenants, whereby his bounty might, by the death of his wife, pass into the hands of a stranger even against himself, than in a case where the conveyance was from the father to his daughter and her children.   We think the court below erred in determining that the daughter held a life estate.   She held as a joint tenant with her children.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.