CASE 93—PETITION EQUITY—MAY 7.

# Goodridge v. Goodridge.

### APPEAL FROM HENRY CIRCUIT COURT.

A CONVEYANCE TO THE GRANTOR'S WIFE AND CHILDREN will, unless a contrary intention is expressed, be construed as vesting in the wife a life estate, remainder to the children. But, independent of this rule of construction, the fact that the grantor in this case reserves to himself the power to sell the property in case his wife dies before he does shows that her interest was to terminate at her death.

JOHN D. CARROLL FOR APPELLANT.

Under the deed in question the appellant's wife and children took as joint tenants, and appellant is entitled to the wife's one-fourth of the land

Goodridge v. Goodridge.

as tenant by the curtesy for his life. In construing deeds, the intention of the parties and the surrounding circumstances must be considered. (Tucker v. Tucker, 78 Ky., 503; Bullock v. Caldwell, 81 Ky., 567; Davis v. Hardin, 80 Ky., 672.)

WM. CARROLL FOR APPELLEE.

The wife took a life estate, remainder in fee to the children. Those who are not parties to a deed can take no present interest under it, nor maintain any suit upon it, but may take by way of remainder. (Webb, &c., v. Holmes, &c., 3 B. M., 404; Foster v. Shreve, 6 Bush, 523; Meriwether v. Meriwether, 10 Ky. Law Rep., 669; Davis v. Hardin, 80 Ky., 672; Rogers v. Payne, 14 B. M., 135.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellees, children of appellant, brought this action to recover of him possession of a tract of land, and for an equal division of it between themselves; and whether the judgment rendered according to the prayer of the petition be correct, depends upon the construction to be given to a deed executed by him in 1871, as follows: "This deed, between James E. Goodridge, Sr., of the first part, and Margaret Goodridge, wife of said James E. Goodridge, of the second part, witnesseth: That the party of the first part, in consideration of one dollar paid, and the further consideration of the love and affection which the party of the first part has to his wife Margaret, and the children of the party of the first part now born, and those hereafter to be born of the said parents, the receipt of which is hereby acknowledged, do hereby sell, grant, and convey to the party of the second part and said children the following described property:  *  *  * The power is hereby reserved and given to the party of the first part to sell and convey, in conjunction with the said Margaret, the above property, whenever

the party of the first part and said Margaret shall consider it needful for the said Margaret and the children above-mentioned ; or, if she should die, then the right to do so is reserved and given to the party of the first part, if he shall think and deem it advisable.    To have and to hold the same, with all the appurtenances thereon, to the second party and the children aforesaid forever, with covenant of general warranty."

The theory upon which appellant bases his claim to the possession of the land is, that his wife Margaret, now deceased, took under the deed as joint, instead of life, tenant, and that there being three children, he is entitled by curtesy to possession for life of one-fourth undivided of the land, being the share of his wife.    The question is, therefore, whether his wife acquired under the deed a fee-simple title to one undivided fourth of the land, or merely a life estate in the whole.

In Webb v. Holmes, 3 B. M., 404, the deed was *inter partes*, Crist, the grantor, being named as party of the first part, and his daughter Sarah and husband parties of the second part ; but, following a recital in the deed that the grantor intended to convey to Sarah a certain *dower* in the land for the benefit of herself and children, was a conveyance of the land in terms to her and her children forever.    It was there held that the children, not being named as parties to the deed, could take no present interest under it, but might take by way of remainder ; and in order to give to the deed operation as to the children, and secure to them, as was intended by the grantor, a

beneficial interest in the land, they should be construed to take in remainder as they could not take a present joint interest with their mother, who thereby and necessarily had to be treated as a life tenant only. It was said the use of the term *dower* in the caption strengthened the conclusion of the court, that a life estate to the mother and remainder to the children was intended, but evidently was not regarded as a necessary or indispensable support to the position.

A similar deed was thus construed in Foster v. Shreve, 6 Bush, 519, and also in Davis v. Hardin, 80 Ky., 672, though in the latter case an additional reason, entirely applicable to this, was given for such construction as follows: "A father making provision for his child, and that child's children, may well be supposed to have intended them to take jointly. They are all of his blood and the natural objects of his bounty; but when a husband makes a conveyance to his wife and their children, there is less reason to suppose that he intended they should take as joint tenants, whereby his bounty may, by her death, pass into the hands of a stranger, even as against himself."

There is, then, presented in this case two reasons for construing the deed so as to give to the grantor's wife a life estate merely, both of which are presumed to influence every grantor, and either of which, as held by this court, is sufficient to determine the construction, when a contrary intention of the grantor is not expressed. One arises from the necessity of giving effect to the deed in favor of children or other beneficiaries not named as parties, but who are man-

ifestly intended to have some interest in the property conveyed. The other is founded on the natural and usual feelings and motives by which a person is presumed to be influenced in disposing of his property by deed or will.

Independent of rules of construction founded upon either motives or necessity, the power reserved in the deed to the grantor to sell the property, in case his wife dies before he does, shows his interest was intended to terminate at her death.

Judgment affirmed.