CASE 28—PETITION EQUITY—OCTOBER 20.

92  145
118 426

Fletcher, &c., v. Tyler, &c.

92  145
132 776

APPEAL FROM DAVEISS CIRCUIT COURT.

CONSTRUCTION OF DEED TO WIFE AND CHILDREN.—Where one purchases
and pays for land for the benefit of his wife and children and has it
conveyed to the wife ·and the heirs of her. body" by him, the wife
takes a life estate and her children by him, whether born before or
after the execution of the deed, take in remainder, and not jointly
with their mother.    And· this is true, although the wife "and the
heirs of her body" are both named as parties of the second part to
the deed.

J. A. DEAN FOR APPELLANTS.

1. ·As Woodson Fletcher paid the purchase price and·. procured the deed
to be made it should be construed as though he were himself the
grantor.    (Smith v. Upton,.12 Ky. Law Rep., 28.)
2. Where the husband makes provision for the wife and children an inten-
tion should be presumed upon his part to give the whole of it to her
for life, remainder to the children.    (Davis v. Hardin, 80 Ky., 672.)

R. W. SLACK OF COUNSEL ON SAME SIDE.

WILFRED CARRICO FOR APPELLEE.

1. Under the deed from Woodson Fletcher to his wife and children the
wife and her two children in esse at the date of the deed took under

Vol. 92—10

it as joint tenants in fee, and upon the birth of each of the seven after-born children the estate opened and let in such child as a joint tenant. (Turner, v. Patterson, 5 Dana, 293; Gill's Heirs v. Logan's Heirs, 11 B. M., 234; Cessna v. Cessna, 4 Bush, 516; Powell v. Powell, 5 Bush, 619; Tucker v. Tucker, 78 Ky., 503; Doe v. Considine, 6 Wall,, 458.)

2. If the mother took a life estate only, the remainder, eo instanti with the execution of the deed, became vested in the two children then living, and upon the birth of the others the estate opened and they became joint tenants in a vested remainder, and, upon the death of. each of the five children its interest passed to the father under the statute of descent. (Turner v. Patterson, 5 Dana, 293.)

Estates will vest at the earliest possible period. A devise to a class vests as they come in esse and opens to let in after-born. (Doe v. Considine, 6 Wall., 458; McArthur v. Scott, 113 U. S., 340; Carver v. Jackson, 4 Pet., 90; Washburn on Real Property, 5th Ed., vol. 2,. pp. 599 and 600.)

A remainder will never be held to be contingent when, consistently with the intention, it can be held to be vested. (Cooxall v. Sherrerd, 5 Wall., 368.)

JUDGE BENNETT DELIVERED .THE OPINION OF THE COURT.

This action was brought by the appellees against the appellants to subject the supposed interest of the appellant, Woodson Fletcher, in a house and lot in the city of Owensboro to the satisfaction of their judgment against him.

The granting clause of the deed, by which said lot. is held, is as follows: "This indenture made and entered. into this, the 28th day of May, 1851, by and between O. F. Stirman of. one part and Chloe Ann Fletcher and the heirs of her body by Woodson Fletcher upon her begotten, for and in the consideration," etc. (naming the consideration), "do hereby sell and convey to Chloe Ann Fletcher and the heirs of her body aforesaid," etc.

It is a fact that the appellant, Woodson Fletcher, husband of Chloe Ann Fletcher and the father of the then born children of her body and of her children thereafter

born, bought and paid for said house and lot for the ben-
efit of his said wife and children. It is also a fact that
the purchase thus made, he not being indebted at the
time, was not a fraud upon his creditors nor was it in-
tended to be a fraud upon them. Chloe Ann Fletcher, the
wife, and some of the children who were living at the
time of the conveyance, and some of those that were born
after the conveyance, having died, and the lower court
having decided that said wife and the then living children
took a present joint estate in fee in said land, and that
the appellant, Woodson Fletcher, having inherited the
interests of those that had died, etc., said interests were
subject to the appellee's demand, etc., the appellants
have appealed from that judgment.

The sole question necessary to be determined is, what
estate did Chloe Ann Fletcher and the heirs of her body
take by said deed? The lower court thought that the case
of Tucker, &c., v. Tucker, &c., 78 Ky., 503, controlled the
case; hence, it held that Chloe Ann Fletcher took a joint
estate in fee with said living children. The appellants
contend that Chloe Ann Fletcher took a life estate only
and all of said children took an estate in remainder. We
concur in the latter contention.

In the case of Smith v. Upton, 12 Ky. Rep., 27, the con-
veyance was made "to Mrs. Smith and her children" by
Upton, the consideration moving from Mrs. Smith's hus-
band. It was held in that case that, as the consideration
moved from the husband, the deed, for the purpose of
construction, should be regarded as having been made by
him; that the intention of the parties is gathered from
the language of the deed, as such language is explained
by the attendant circumstances and the relation of the

parties and must control.    Hence, it was held that it was
evidently the intention of the husband to give the whole
estate to his wife and their children, for whom he was
under equal obligation to provide ; that this could be cer-
tainly done by giving to the wife a life estate, remainder
to their children.    Whereas to construe the instrument as
giving to the wife and children a joint estate in fee might
defeat this intention by the wife's interest passing to her
children by a second marriage, who would be strangers
to his blood and for whom he was under no legal or
moral obligation to provide.    Also, the court's construc-
tion that the wife and children took a joint present inter-
est in fee, and that, consequently, none but those living
at the time could take directly as grantees, clearly de-
feated the intention of the grantor.

In the line above indicated is the well-considered case
of Davis v. Hardin, 80 Ky., 672 ; also the case of Bodine's
Adm'r v. Arthur, &c., 91 Ky., 53.    In the latter case it
was held that, as the estate was confined to the heirs of
the body in the *habendum* and not in the granting clause,
they could not take a present estate as grantees, but they
could take an estate in remainder.    But the case also
gives and adheres to the reasons given in the other cases,
*supra.*

The judgment is reversed and the case is remanded
with direction for further proceedings consistently with
this opinion.