## Houchins' Guardian v. Houchins.

(Decided March 24, 1914.)

Appeal from Nelson Circuit Court.

1. Wills—Construction—Nature of Estates and Interests Created.— Under a will which provides that "the home where we

now live shall be the property of my wife and children—to them at her death," the wife takes a life estate with remainder to the children, the rule being that where a devise of property is made to a surviving spouse or to a child or other blood relation of the testator, and to the children of such first taker, the devise creates a life estate in the first taker with remainder to the children.

2. Wills—Construction—Supplying Words Omitted.—Where a holographic will provides that "the home where we now live shall be the    of wife and children to the    at her death," the court will supply the manifest omissions so as to make the language "the home where we now live shall be the property of my wife and children—to them at her death."

ARTHUR PETER for appellant.

BROWN & NUCKOLS for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

This action was instituted in the Nelson Circuit Court by the appellee, Mrs. Irma Houchins, against the appellants, her infant children and their guardian, for the purpose of obtaining a construction of the will of T. Elliott Houchins, the deceased husband of appellee and father of the infant appellants, in so far as said will disposed of a tract of land in Nelson County.

The will in question, a holographic one, after devising to the four children of the testator, a twenty thousand dollar life insurance policy, contains the following sentence, "The home where we now live shall be the of wife and children to the at her death." The home referred to is the land concerning which a construction of the will is sought. The chancellor held that the widow took a life estate therein, with remainder to the children. Their guardian appeals.

It is evident that the true meaning of the sentence quoted above, is that "the home where we now live shall be the property of my wife and children—to them at her death."

In the case of Adams v. Adams, 20 R., 655, 47 S. W., 535, this court construed a will, the language of which was as follows: "It is my will and desire that all the balance of my estate, both real, personal and mixed, I give and bequeath to my daughter, Martha Jane Adams and her children in their exclusive right." The court said:

"We think the intention of the testator was to give the whole estate to his daughter for life and at her death,

to her children. This seems to be the trend of the modern decisions on the use of the words here involved. If a joint estate be given, the quantity of interest each takes will remain uncertain and shift on the birth of each after-born child, for confessedly in such case, the devise opens up for the benefit of all the children whether in existence at the time the will speaks or not.''

And in Naville v. American Machinery Company, 145 Ky., 344, 140 S. W., 559, this court said: ''In such cases, the constant and uniform tendency of this court has been, in cases where the language was in substance 'to the wife and children,' or, 'the wife and heirs of her body or issue' to hold that the wife takes a life estate only, and that the children take in remainder.''

This is the recognized rule in this state, the reason generally given therefor, where a husband is providing for wife and children, being that if mother and children took a joint estate, it would dispose of the property in such a way that it would be likely that a stranger to the blood of the testator might get some portion of the estate, and that such construction should not be made unless such intention clearly appears from the will. See Hall v. Wright, 121 Ky., 16, 27 R., 1185, 87 S. W., 1189; Brumley v. Brumley, 89 S. W., 182, 28 R., 231; Rice v. Klette, 149 Ky., 787, 149 S. W., 1019

Moreover, in this case, the will expressly says, ''to the (meaning them) at her death'' clearly manifesting an intention upon the part of the testator that the wife should take a life estate, with remainder to the children. And it would be contrary to the established rules of construction to say that the intention of the testator was to create a joint estate, the mother's share being for life only, with remainder to her children. See Mefford v. Dougherty, 89 Ky., 48; Frank v. Unz, 91 Ky., 631; Brand v. Rhodes' Admr., 16 R., 97, 30 S. W., 587.

Judgment affirmed.