## Collis v. Citizens Fidelity Bank & Trust Co.

November 10, 1950.

W. Scott Miller, Judge.

16

Squire R. Ogden, Charles A. Robertson, and Ogden, Galphin & Abell for appellant.

James W. Stites, and Doolan, Helm, Stites & Wood, for appellee.

CHIEF JUSTICE SIMS—Affirming.

This declaratory action was instituted by Harriet Collis against the Citizens Fidelity Bank and Trust Company, trustee under the will of her grandfather, George Gaulbert, to determine what estate she took under the will in certain trust property. The chancellor adjudged Mrs. Collis took a life estate in the property with remainder in her three children, and she appeals.

Hon. W. Scott Miller, Judge of the Chancery Branch, Second Division of the Jefferson Circuit Court rendered a clear and logical opinion which we now adopt. However, Judge Miller copied the entire will in his opinion and as we think the estate Mrs. Collis takes is determined by the construction of one paragraph from Item 8 of the will, it will be the only part of the will incorporated in this opinion. With this slight change Judge Miller's opinion reads:

"This action involves the interpretation of the will of George Gaulbert who died in 1908. His widow also died a number of years ago.

"Mr. and Mrs. Gaulbert had one child, Carrie Gaulbert who married Attilla Cox in 1898 and who died Feb. 22, 1949.

"Mr. and Mrs. Cox had one child, the plaintiff, Harriet Cox, who was born before the death of Mr. Gaulbert and who married John V. Collis. Mr. and Mrs. Collis have three children all of whom were born during the lifetime of Mrs. Cox.

"The will of Mr. Gaulbert was written for him in 1896 by Temple Bodley, a competent member of the Bar. At the time the will was written Mrs. Cox had not yet married and Mrs. Collis had not been born. However, at the time of Mr. Gaulbert's death in 1908, Mrs. Cox had been married some ten years and Mrs. Collis was seven years old."

The applicable part of Item 8 of Mr. Gaulbert's will reads: "Said net income shall be paid monthly to the child or children of my said daughter should she have any (and such of their descendants per stirpes as may be born within her lifetime) until the youngest of such children becomes twenty-one years of age and then the principal of such half of said trust estate (subject to said prior charges) shall vest in such children and their said descendants in fee per stirpes. During default of such issue of my said daughter said income shall be paid monthly to my wife for life and at her death the principal of said one half of said trust estate shall pass in fee to my brother, sisters, nephews and nieces, the descendants of any of them who may be then dead to take their share or shares per stirpes.

"Harriet Cox Collis, being now over twenty-one years of age, the estate is to 'vest' in 'the child' of Mrs. Cox 'and such of (her) descendants per stirpes as may be born within her (Mrs. Cox's) lifetime.'

"Does this mean: 1. That Harriet Cox Collis takes the fee, or 2. That Harriet takes a life estate with remainder to her descendants born during the lifetime of Mrs. Cox, per stirpes, or 3. That Harriet and such of her descendants as were born during the lifetime of Mrs. Cox take as a class?

"It is argued that Harriet Collis takes the fee on either one of two theories: (1) The bequest to the child of Mrs. Cox and her descendants, born during Mrs. Cox's lifetime, creates an estate tail in Harriet which is by statute (KRS 381.070) converted into a fee simple. (2) Based on the English case of Dick v. Lacy, 8 Beavan

214, it is contended that the bequest to the descendants per stirpes requires that Harriet take the fee by way of 'substitution' for her descendants, as the head of a stirpes.

"It is obvious that the words 'and such of their descendants per stirpes as may be born within her lifetime' are limited (1) to stirpes and (2) to those born during Mrs. Cox's lifetime. It therefore follows that they are words of purchase and not words of limitation.

"In order to create an estate tail, the words of limitation must be general and not restricted. Simpson v. Adams, 127 Ky. 790, 795, 796, 106 S.W. 819, 32 Ky. Law Rep. 617.

"It follows that there can be no estate tail in this will. Carr v. Estill, 55 Ky. (309, 16 B.Mon.) 309.

"In the case of Dick v. Lacy, 8 Beavan 214, decided in 1845, the devise was to 'the daughters of Captain Boyce, and their descendants per stirpes, to hold to them, their heirs and assigns forever.'

"The Master of the Rolls held that the use of the words 'their descendants per stirpes' (a) excluded the idea of an estate tail and (b) likewise excluded the children of a living parent from taking any interest under the will. The parents took the fee as head of the 'stirpes' by way of 'substitution' for their descendants.

"One difficulty with the application of this rule to the instant situation is that it cannot be said here that Harriet Collis is the head of a stirpes for the only ones of her descendants named are the descendants born during the lifetime of Mrs. Cox. In other words, for her to take by way of substitution might include descendants born after the lifetime of Mrs. Cox which is plainly contrary to the intention expressed in the will.

"A second and conclusive answer to this claim is that, in the interpretation of wills, the Court of Appeals has expressly and specifically refused to follow the English cases. In Carr v. Estill, 55 Ky. [16 B.Mon.] 309, a devise was 'to Mary Baker Didlake and her children'. The opinion points out that under the English rule this devise would create an estate tail. In England such a

devise would effectuate the intention of the testator because the children would share in the estate, as was obviously intended. However, under our law, to construe such a devise as an estate tail would frustrate the plain intention of the testator who, beyond any question, meant the children to take something. The opinion says:

" 'In order, therefore, to effectuate the acknowledged and manifest intent of the testator, it is obvious that a different rule of construction must be resorted to in this state.

" 'It has been observed that the words of the devise, abstractly and literally, import an immediate gift not only to the devisee in being, but to those not in being. But there being no children in esse at the time of the devise, it could not have been the intention to give an immediate estate to them, for that were impossible. And as the words of the devise as conceded by all the authorities, manifest a clear intent that the children shall take, the only consistent and rational construction is, that the testator intended the devisee, in being at the time, should take a life estate, remainder to the children.'

"Exactly the same principle must necessarily be applied to the word 'descendants' as to the word 'children'. Indeed, technically the word 'descendants' means 'the issue of a deceased person,' 18 C.J. 792, and for a stronger reason, therefore, the implication of a remainder estate is required.

"The rationale of Carr v. Estill, 55 Ky. [16 B. Mon.] 309 is that the intention of the testator is the controlling factor. Clearly, the testator here intended that the descendants born during the lifetime of Mrs. Cox should actually take something at her death and not by way of 'substitution'. In at least two other clauses of the will the testator showed that he knew how to provide for substitution when he wanted to. In his bequest of a remainder to his 'brother, sisters, nephew and nieces' he said, 'the descendants of any of them who may be then dead to take their share or shares per stirpes'. Had he meant to do the same thing with the child or children of Mrs. Cox it is reasonable to assume that he would have done so.

"If the testator had intended that Harriet take by way of substitution, he would have eliminated the parenthetical clause '(and such of their descendants per stirpes as may be born within her lifetime)' and have reached the same result. Obviously, he meant something by the use of these words and they cannot be ignored.

"Under no theory does it seem possible to conclude that Harriet Cox Collis was intended to take the fee.

"The next question is whether or not the words used by the testator imply a life estate in Harriet Cox Collis with remainder to her descendants born during Mrs. Cox's lifetime or whether the intent was to give her a joint estate with her descendants born during the lifetime of Mrs. Cox.

" 'Our rule is that where land is devised to a parent and his or her children, nothing to the contrary appearing in the will, the parent takes a life estate with remainder vesting in the children.' Prewitt v. Prewitt's Ex'rs, 303 Ky. 772, 775, 199 S.W.2d 435, 437.

"In Rice v. Klette, 149 Ky. 787, 149 S.W. 1019, 1021, L.R.A.1917B, 45, the Court said:

" 'It will be observed that by the 7th clause of the will in question, the property involved in this controversy is bequeathed "to my said son, George D. Klette, and to his children." This language brings the case within the rule laid down in one of three lines of cases. One class of cases is to the effect that the parent takes a joint estate in fee simple with his children then born or thereafter to be born. Turner v. Patterson, 35 Ky. 292 (5 Dana 292); Cessna v. Cessna's Adm'r, 67 Ky. 516 (4 Bush 516); Powell v. Powell, 68 Ky. 619 (5 Bush 619) 96 Am.Dec. 372; Bell v. Kinneer, 101 Ky. 271, 40 S.W. 686, 19 Ky.Law Rep. 545, 72 Am.St.Rep. 410. Another class of cases is to the effect that the parent takes merely a life estate, with remainder to his children. Fletcher v. Tyler, 92 Ky. 145, 17 S.W. 282, 13 Ky.Law Rep. 421, 36 Am.St.Rep. 584; Smith v. Upton, 13 S.W. 721, 12 Ky.Law Rep. 27; Davis v. Hardin, 80 Ky. 672. The other class of cases is where the word "children" is used in the sense of heirs. This construction is adopted only in those cases where, upon a consideration of the whole will, it is evident that the

words were used as words of limitation and not of purchase. Childers v. Logan, 65 S.W. 124, 23 Ky.Law Rep. 1239; Moran v. Dillehay, 71 Ky. 434 (8 Bush 434); Hood v. Dawson, 98 Ky. 285, 33 S.W. 75, 17 Ky. Law Rep. 880; Lachland's Heirs v. Downing's Ex'rs, 50 Ky. 32 (11 B.Mon. 32); Williams v. Duncan, 92 Ky. 125, 17 S.W. 330, 13 Ky.Law Rep. 389.'

"The test in all cases is the intent of the testator. The Court (in Rice v. Klette) continues:

" 'Under the more recent decisions of this court, where there is nothing in a deed or will to show a contrary purpose, the rule is to hold an estate deeded or devised to a man and his children, or to a woman and her children, as a life estate to the first taker, with remainder to the children. Hall v. Wright, 121 Ky. 16, 87 S.W. 1129, 27 Ky.Law Rep. 1185; Brumley v. Brumley, 89 S.W. 182, 28 Ky.Law Rep. 231.'

"Not only is there nothing here to show a contrary purpose but clearly the use of the word 'descendants' rather than 'children' gives added force to the thought that it was the intention of the testator to give a life estate to the 'child or children' of Mrs. Cox with remainder to their descendants per stirpes born during her lifetime. Beam v. Shirley, 301 Ky. 326, 191 S.W.2d 248. As pointed out above 'descendants' technically means the issue of a deceased person.

"It is presumed that every word is intended by the testator to have some meaning, and no word or clause in a will is to be rejected if a reasonable effect can be given it. McCormick v. Reinberger, 192 Ky. 608, 234 S.W. 300. This is particularly true where a will has been prepared by a skilled draftsman. 57 Am. Jur., 'Wills' sec. 1150, p. 743.

"By giving to Harriet Cox Collis a life estate with remainder to her three daughters in fee the intention of the testator is plainly met and every word in the devise is accorded effect and meaning."

The judgment is affirmed.