KESTLER et al. v. McAFEE.

Court of Appeals of Kentucky.
June 20, 1952.

Lawrence S. Grauman, Simeon S. Jacobs, Louisville, for appellants.

Louis H. Jull, Louisville, for appellee.

WADDILL, Commissioner.

This is an appeal from a judgment which declared appellee to be the owner of certain real estate.

Cemmie Fogerty, a widow, died and left surviving her the following children: Mrs. Bessie McAfee (widow), Natalia Kestler (wife of Clarence Kestler), Ambrosia Oelke (wife of Irwin Oelke), Florence Warner (wife of Ray Warner) and Burrell Harrison, (whose wife is Nell Harrison). The decedent left a holographic will, the part of which is in controversy reads as follows:

"Louisville Ky

"Mrs. Besy McFee I Want my Dets Paid and for her to have the more. I mad my home With her for 8 yers Cind and good to Me if Mr Mcfee clams one Cent nun I Dont Want him nun. My oldst Daughter Bessy McFee to see to Every thing her mother.

Cemmie Fogerty."

The decedent owned at the time of her death a small piece of improved real estate. By a quitclaim deed the children of the decedent and their spouses, with the exception of the appellants, Natalia Kestler, Clarence Kestler and Ray Warner conveyed to the appellee, Bessie McAfee, their interest in this real estate. In order to clear her title appellee brought this action seeking a construction of the will of Cemmie Fogerty.

The controversy involves the construction of the part of the will which states: "Mrs. Besy McFee I Want my Dets Paid and for her to have the more." The question is whether this devise is invalid because of indefiniteness or whether it should be construed to give appellee the estate after the debts are paid.

In construing a will the intention of the testator is controlling. Collis v. Citizens Fidelity Bank & Trust Co., 314 Ky. 15, 234 S.W.2d 164. The paramount principle in ascertaining the testator's intent is to obtain it by analyzing the entire will. 19 Ky.Digest, Wills, ⊕470. The language of the whole will is viewed in the light of circumstances surrounding the testator at the time the will was made. Fitschen v. U. S. Trust Co., 313 Ky. 700, 233 S.W.2d 405.

The language of this will shows that it was crudely written so as to be equivocal as to what the principal beneficiary was to receive. Two possible constructions of the will are: That testatrix desired appellee to receive more than her other children or that she desired her debts to be paid and if there was more property than necessary to pay her debts the appellee was to receive the residue.

The Chancellor construed this uncertainty in the terms employed to mean that the deceased intended that the appellee receive her estate after the debts were paid. Appellant, however, contends that the Chancellor based his decision on incompetent evidence, in that he allowed extrinsic evidence as to the declaration of the deceased of her intention to be introduced. However, we are of the opinion that even if this evidence was excluded, the construction of the will, given by the Chancellor, still is correct.

■ The testatrix recited in her will the fact that appellee had furnished her with a home for eight years and had been kind to her. It appears that her reason for citing this fact was for the purpose of expressing her desire to re-pay the appellee for the care rendered her. These circumstances and the fact that testatrix did not mention her other children in her will evinces the intention of the testatrix, that appellee shall receive the residue of decedent's property after her debts are paid.

■■ If the construction be given this will as contended for by the appellant, it will result in this property going by intestacy. Where two possible constructions present themselves, the one which results in complete testacy should prevail. Huffman v. Chasteen, 307 Ky. 1, 209 S.W.2d 705. Under this rule of construction the testatrix' will should be construed to give the residue of her property to appellee, as this would provide complete testacy.

■■ Appellant contends that the rule of construction by which the courts favor equality of distribution among the children of the testatrix should apply here. This presumption, however, is only applied where no contrary intention appears. Shoemaker's Ex'r v. Consorti, 305 Ky. 866, 205 S.W.2d 697. As an intention clearly appears in this will that the property should not be equally divided, this rule of construction cannot be here applied.

It is our conclusion that since testatrix' intention appears to be that appellee receive the residue of her property after the payment of her debts, the judgment should be, and it is affirmed.