### Shepherd v. Thomas.

(Decided June 8, 1923.)

Appeal from Breathitt Circuit Court.

1. Descent and Distribution—Property of Child Dying in Infancy Goes to Surviving Brothers and Sisters, Not to Widowed Mother.— Where one of five children who inherited land from their father, subject to the dower interest of their mother, died in infancy

without descendants, its share under the statute of descent and distribution was inherited by its surviving brothers and sisters and did not go to its mother.

2. Tenancy in Common—Possession of One Tenant in Common is Not Adverse in Cotenants Unless they have Actual or Implied Notice of the Adverse Holding.—One who became a tenant in common with other heirs by purchase of the shares of some of the heirs and took possession of the whole tract had possession as joint tenant and not adversely to the other heirs, unless they had actual notice of the adverse nature of his possession, or it was so pronounced and notorious as to give them notice of it.

3. Taxation—Deed on Sale for Taxes Assessed Against Stranger to Title Conveys no Interest.—Where the taxes for which property was subsequently sold were assessed against one who was in possession thereof, but who was the father of one of the heirs ot a former owner, and was himself a stranger to the title, the deed given to the purchaser at that sale conveyed no interest.

4. Adverse Possession—Evidence Held to Show Possession was Not Taken Under Color of Tax Title.—Evidence that one had gone into possession of land before the land was sold for taxes held to show that his possession after purchasing at the tax sale and receiving deed therefor was not under color of title given by the tax deed.

5. Deeds—Conveyance to Widow and Heirs of Deceased Purchaser Construed to Give Life Estate to Widow with Remainder to Heirs.—Where a vendor of land executed a deed after the death of the purchaser conveying the property to the widow of the purchaser and his heirs, endeavoring thereby to carry out the contract pursuant to the terms of purchase, the deed will be construed as conveying a life interest to the widow with remainder to the heirs, which would have the same effect, after the widow's death, as if the land had been conveyed to the purchaser before his death.

6. Partition—Facts Held to Show Common Ancestor Possessed Entire Tract at His Death.—In an action for partition, uncontradicted proof that the common ancestor of the parties had occupied, and that his deed covered, the entire tract at his death, shows that he died the owner of the entire tract which descended to his heirs, so that plaintiff was entitled to a share in the entire tract notwithstanding a deed executed to defendant's predecessor in title after the death of the common ancestor for a portion of the land.

RYLAND C. MUSICK for appellant.

GRANNIS BACH for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming in part and reversing in part.

William Bradley died intestate and a resident of Breathitt county in the year 1875 or 1876. He owned

and occupied as a residence with his family a tract of land containing about 354 acres which he had acquired through several deeds from different persons from time to time. He left surviving him his widow and five children, the latter of whom inherited the land subject to the dower interest of their mother, but no dower was ever assigned to her. One of the children died in infancy without descendants and under the statute of descent and distribution its share was inherited by its surviving brothers and sisters and did not go to its mother, as is contended by counsel for appellant. Plaintiff's mother, who was one of the heirs, died some twenty-five years ago a resident of the state of Texas and living at that time with her third husband. She died intestate and at that time was still the owner of her one-fourth interest in her father's land (the tract in controversy), provided he owned it, and unless she had in some manner been deprived of it other than by a conveyance which she had not executed. She was survived by four children, two of whom died in infancy and without descendants, and their shares of their mother's interest descended to their surviving sisters, one of whom was the appellee E. L. Thomas (*nee* Miller) and the other one was Susie Emaline Fugate, who at the time of her mother's death was only seven years of age.

The appellee and plaintiff below brought this equity action in the Breathitt circuit court against appellant and defendant below, Arpie Shepherd, averring her ownership of a one-fourth undivided interest in the tract of land and that defendant owned the other three-fourths undivided interest therein, and praying for a division of the land in proportion to the interest of each joint owner. The answer denied plaintiff's title to any portion of the land and asserted its entire ownership by the defendant. Various amendments to the pleadings of both parties were filed during the progress of the cause and after the taking of testimony and submission of the case, the court adjudged that plaintiff was the owner of a one-fourth interest in the land and, pursuant to an agreement between the parties, it was ordered sold for the purposes of division, and from that judgment defendant has appealed and in this court insists that, (a), the court erred in adjudging plaintiff any interest in the land, but (b), if mistaken in contention (a), then she was entitled to only one-eight interest in only about 200 acres of the tract.

Plaintiff in her petition attempted to allege facts which, under our statute (section 1639), as well as at common law, would raise the presumption that her sister, Susie Emaline Fugate, was dead and left no surviving descendants and that plaintiff inherited her interest which, together with plaintiff's individual share as an heir of her mother, would vest her with a one-fourth instead of a one-eight interest. Without inserting plaintiff's pleading on the subject of her sister's death, and without reciting the evidence directed thereto, we feel that it is enough to say that neither the pleading nor the evidence was sufficient to create the presumption either under our statute or at common law, and appellee's counsel concedes as much in his reply brief. Without further comment, therefore, we deem it sufficient to say that the court erred in adjudging plaintiff more than one-eighth interest in the land; but that fact does not alter the rights of defendant, since plaintiff's sister was proceeded against by warning order and was before the court by constructive service when the judgment was rendered, and the error of the court referred to did not decrease defendant's interest in the land nor will its correction serve to enhance her interest, since whatever way that question might be decided, as between plaintiff and her sister, the defendant will still be left as the owner of only a three-fourths interest in the tract.

In support of the contention that defendant is the owner of the entire tract, and that neither plaintiff nor her sister is the owner of any portion of it, it is strongly urged by defendant's counsel that her husband, Henry Shepherd, under whose will she obtained her interest in the land, died the owner of all of it and defendant as his sole devisee succeeded to his rights under his will. That contention is based upon the two urged grounds: (1) That Henry Shepherd acquired title to the tract by adverse possession and a deed for a portion of it, and (2) that he acquired the title to the entire tract by a sheriff's deed who sold it in 1894 or 1895 for taxes and in 1898 executed a deed therefor to the purchaser, Henry Shepherd. Collateral questions, growing out of the ones stated, are argued in brief for appellant, none of which we deem of sufficient materiality to merit discussion except those we shall hereafter refer to.

After the death of William Bradley, his widow occupied the land for a year or more, but she married

again and with her husband left the land and removed from the state and in 1908 executed a deed to it to Henry Shepherd, who was then alive, but since which time the widow Bradley died, and clearly the interest which she conveyed as widow by her deed terminated at her death. In 1893 Henry Shepherd bought the undivided interest of one of the heirs of William Bradley, and the following year moved upon the tract and occupied the old Bradley homestead, where he continued to reside till his death. In 1895 he bought the undivided interest of another heir and in 1905 he purchased the interest of a third heir, and in 1914 he endeavored to purchase the remaining fourth interest in the land from plaintiff, who was supposed at that time to be the sole heir of her deceased mother, but without success.   After Henry Shepherd purchased the undivided interest of two of the heirs he contracted to sell the timber off of half of the tract, leaving the timber on the other half unmolested because he was the owner of only one-half of the entire tract, a fact which we are convinced the proof clearly establishes.

Henry Shepherd, by his purchase of the shares of some of the heirs of William Bradley, became a tenant in common with the other heirs and his possession of the whole tract was that of a joint tenant and was not adverse to the other heirs unless they had actual notice of its adverse nature, or it was so pronounced and notorious as to give them notice of it, neither of which we are convinced is shown by the testimony in the record. On the contrary we think it plainly manifests a recognition on his part of an outstanding interest in the other heirs, including that of plaintiff's mother, and we think the proof, including the fact of purchase at the sheriff's sale, and which will hereafter be considered, was wholly insufficient to establish adverse possession and contention (1) must be and it is denied.

After William Bradley's widow moved away from the land, plaintiff's father, Martin Miller, occupied it with his family for a while, during which time it was assessed in his name for taxes and it was to collect that assessment that the sheriff sold the land and at which sale Henry Shepherd became the purchaser at a mere nominal consideration.   He did not take possession under that deed, as is contended by appellant's counsel, since we construe the proof as establishing that he took possession under the deed that he obtained from Dial Bradley,

the first of the heirs of William Bradley whose interest he purchased; and he was in possession at the time the sheriff sold the land as well as in 1898 when he received the sheriff's deed for it.  Clearly, that deed conveyed him no interest, since Martin Miller owned no interest in it and was not the owner who should assess it or in whose name it should be assessed by the assessing officer. He was an entire stranger to the title, and we have held in a number of cases that a sale under such circumstances conveyed no interest whatever.  But, in this connection it is insisted that Henry Shepherd occupied the land under the sheriff's deed which gave to him at least a color of title and that such occupancy was adverse to plaintiff and all other interested parties.  Passing the contention that under some circumstances an occupancy of land under a tax deed will be presumed to be adverse to the true owner, it is sufficient to say that in this case the record conclusively shows that the occupancy of the land was begun, not under the tax deed, but under one from one of the heirs of William Bradley, and that the occupancy thereafter, as we have shown and the judgment found, was not adverse but under circumstances recognizing the outstanding interest of the other heirs of William Bradley. We, therefore, feel ourselves constrained to hold that the alleged adverse title of William Bradley is not established.

But it is further insisted that it is not shown that William Bradley had title to the entire 354 acres of the land, but only to about 200 acres thereof. Fifty acres of the remaining 150 were deeded to Susannah Bradley, the widow of William Bradley, "and the heirs of William Bradley, deceased," a short while after the death of William Bradley by a man by the name of Davis. It is proven without contradiction that William Bradley had purchased that tract from Davis and paid for it before his death and the parties in executing the deed endeavored to carry out that contract pursuant to the terms of purchase by William Bradley, and under the circumstances, and following the rule as laid down in the case of Fletcher v. Tyler, 92 Ky. 145, and numerous other cases from this court, we are disposed to construe that deed as conveying a life interest to Susannah Bradley with remainder to the heirs of William Bradley, which construction, so far as the purposes of this case are con-

cerned, has the same effect as if the land had been conveyed to William Bradley before his death.

It is further insisted that George Shepherd conveyed to Henry Shepherd since the death of William Bradley about 25 acres of land within the boundary of the 354 acres, but he was paid nothing for that land until after the institution of this suit, and then only fifteen dollars, and it is conclusively shown that when he acquired his interest in that conveyed tract the title had ripened thereto in William Bradley by adverse possession before his death and that it was perhaps at that time in the adverse possession of others. The proof is uncontradicted that William Bradley occupied, and that his deeds covered, the entire 354 acres, and we are convinced that the court did not error in holding that he died the owner and in possession of the entire tract which descended to his heirs.

It is, therefore, our conclusion that the court did not err in adjudging defendant the owner of only a three-fourths undivided interest in the tract, but did err in holding that plaintiff was the owner of a one-fourth instead of a one-eighth undivided interest. Upon a return of the case the court will carry out the judgment of sale and will make such orders as may be necessary to preserve and protect the one-eighth interest of the proceeds due Susie Emaline Fugate until she or her heirs, if she is dead and left any, may be found, or her death duly established.

Wherefore, the judgment is affirmed in part and reversed in part as above indicated for proceedings consistent herewith, and each party will pay one-half of the costs of this appeal.