## Ryan et al. v. Ball et al.
(Decided Jan. 22, 1937.)

84

P. K. McELROY, JOSEPH O. POLIN and JOHN A. POLIN for appellants.

W. F. GRIGSBY and W. H. SPRAGENS for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

This appeal involves the construction of the will of Anna Bell Buckler Ryan, who died in February, 1933, a resident of Marion county, Ky. She left surviving her eight children and two grandchildren. By clause 3 of the will she willed to James Bowles and Ryan Bowles, the two grandchildren, $50 each. Clause 4 of the will, the construction of which is the subject of this litigation, reads as follows:

"All the remainder of my estate, both real, personal and mixed, I will, and devise, and bequeath in equal portions to my children as follows: Dan Ryan, Hayden Ryan, Joseph Ryan, Michael Ryan, Edward Ryan, Lucy Ryan Hayden, Mary Lizzie Ryan Rafferty, Anna Mary Ryan Thompson. Some of my children owe me money for borrowed money, notes that I have signed and paid, and accounts of various kinds that I have paid for them. I leave for safekeeping in the Bank of Lorretto receipts, and notes of various kinds, that will verify the amount due me from each child. I want that child for which I have accounts, and notes, or loaned on their personal note charged interest from date until paid, at the rate of 6% per annum.

"I have had a number or nospital bills and other various kinds of accounts for Joseph Ryan, and I do not have a note for this amount, but there are receipts and cancelled checks to verify the amount due me, or that I have paid for him.

"If any of my children die and do not leave one or more heirs, I want their portion of the estate to be returned to my estate, and that portion to be divided equally among the named heirs of my estate.

"I hereby appoint C. R. Ballard as executor of my last will and testament, with full and complete right and power to sell and convey all or any property of any kind whether real, personal, or mixed I ask that Mr. Ballard be required to execute bond to the amount of the appraisement for the faithful performance of my will."

The estate devised consisted of both personal and real property—the personal property being appraised at $4,195.98, and the real estate of the value of $6,710, making a total of $10,905.98. The testatrix nominated C. R. Ballard executor of her will, and he qualified as such and proceeded to administer the estate. Out of the funds or assets of the estate the executor paid to Charles Edward Ryan, one of the devisees of the will, the sum of $1,052.23, and Ryan applied this fund, or a large portion thereof, to the payment of certain notes representing the unpaid purchase price of a farm which he had purchased of Cynthia Mattingly, and had the lien released.

Hayden Ryan, a son of the testatrix and one of the devisees named in the will, predeceased the testatrix, leaving seven children all under 21 years of age, and it is not disputed that the property devised to him descended to his children.

In December, 1934, the said Charles Edward Ryan died childless, and left surviving him his widow, Mary Lee Ryan, who thereafter married one John Ball, and she appears in this record as Mary Lee Ball.

In January, 1936, the surviving children of the testatrix filed this suit for a construction of the will of the testatrix. They named as party defendants Mary Lee

Ball, formerly Mary Lee Ryan, personally, and John Ball, her husband, and Mary Lee Ryan Ball, as executrix of her deceased husband, Charles Edward Ryan, James L. Bowles, and Ryan Bowles, infant children of a deceased daughter, and their guardian, J. W. Thompson, and the seven infant children of the deceased son, Hayden Ryan, and Charles R. Ballard, executor, and asked that the will of the testatrix be construed and that it be adjudged that Charles Edward Ryan took a defeasible fee in his mother's estate and that Mary Lee Ryan Ball be adjudged to take the estate of her deceased husband under his will subject to the claims, liens, and equities of the testatrix, and further prayed that they be subrogated to the rights of Cynthia Mattingly in the land sold by her to Charles Edward Ryan to the extent of the purchase lien notes paid to Mrs. Mattingly out of the funds distributed to Charles Edward Ryan by the executor of their mother's will, and that the executor be required to settle the estate in accordance with the provisions of the will and that it be adjudged that the funds and money received by Charles Edward Ryan from the executor were invested by him in the farm purchased of Mrs. Mattingly and the said land be sold to satisfy said sum.

The defendants filed a demurrer to the petition, which the court sustained, and, plaintiffs failing to plead further, their petition was dismissed. Plaintiffs appeal.

The question here in controversy centers on the construction of the sentence in clause 4 of the will, which reads:

"If any of my children die and do not leave one or more heirs, I want their portion of the estate to be returned to my estate, and that portion to be divided equally among the named heirs of my estate."

It is the insistence of appellants that, there being no intervening estate and no other period to which the limiting words in the testatrix's will could refer other than the death of Charles Edward Ryan at any time, the language used in the will vested him with a defeasible fee, and upon his death without issue that portion of the estate devised to him ipso facto reverted to the

estate of the testatrix and they cite and rely upon section 2344, Kentucky Statutes, and the cases of Harvey v. Bell, 118 Ky. 512, 81 S. W. 671, 672, 26 Ky. Law Rep. 381; Atkinson v. Kern, 210 Ky. 824, 276 S. W. 977. Under the authorities, supra, it is a well-settled rule in this state that such limiting words as used in the will under consideration have reference to the death of the devisee at any time, unless, however, there appears in the will, as a whole, other language indicating a different intention on the part of the testator; and, if the instrument shows that such was not the intention of the testator, the rule will not be applied.

It is virtually admitted by the appellees that the above rule is applicable where real estate only is involved, but they insist that the rule is not applicable to personal property, and, since the will of the testatrix authorized her executor to sell the real estate, it is immaterial whether the $1,052 paid to Charles Edward Ryan by the executor was of the personal property left by the testatrix or the proceeds of real estate sold by him, since, under the doctrine of equitable conversion, the rules of law applicable to personal property are to be applied to the proceeds of real estate sold by the executor and distributed by him, and in either event the money distributed to Charles Edward Ryan was personal property, and therefore vested in him absolutely on the death of the testatrix, and to support their position they cite and rely upon the Harvey and the Atkinson Cases, supra, and Ireland and Cooper, 211 Ky. 323, 277 S. W. 483.

In Harvey v. Bell, the testator made specific gifts of certain personal property. Clause 5 of that will, as disclosed in that opinion, reads:

"I bequeath absolutely that all my beds, bedding, furniture, books and pictures, tableware be divided equally between my two granddaughters, Lila Kate and Sibbie May Harvey."

In another clause the testator bequeathed absolutely to his grandson a watch and chain and a shotgun. There were certain other provisions in the will indicating that it was the intention of the testator that the personal property devised would vest in the legatees absolutely. And the Ireland-Cooper Case was determined upon certain provisions of the will indicating that it was the in-

tention of the testator that the personal property devised would vest in the legatees absolutely, and without any intention of creating a reversion.

In the will under consideration in the present case there were no specific bequests of personal property, except $50 to each of the two grandchildren of the testatrix, and all the remainder of the estate, real, personal and mixed, was willed to the children of the testatrix named therein, with the provision that, if any of the children die without issue, their portion would revert to the estate of the testatrix and be divided among the surviving children.

It is a well-known rule that in construing wills no isolated part will be seized upon, but the instrument as a whole will be taken into consideration. It is our view that the will here involved, as a whole, differs from the ones in the cases relied on by appellees. The testatrix did not separate the personal and real property, but devised it all as a whole and, since she indicated no intention or purpose of making an absolute devise as to one class of property and limiting the interest devised as to another class, both classes of property must be governed by the same rule. Ireland v. Cooper, supra. Had the testatrix separated the classes of property as was done in the Ireland-Cooper Case, and other cases relied upon by appellees, a different question might have been presented; but, since both classes of property were devised together, it must all be governed by the general rule, viz., that the dying without issue had reference to the death of the devisee at any time.

In regard to the alleged rights of the appellants to be subrogated to the rights of Cynthia Mattingly in the land sold by her to Charles Edward Ryan, deceased, to the extent of the purchase lien notes paid to her out of the funds distributed to him by the executor of his mother's will, we think this question involves a settlement of the estate, a question not now before us. The only question for our consideration presented by this record is the construction of the will, and for that reason we express no opinion on the question of subrogation.

Our conclusion is that Charles Edward Ryan was vested with a defeasible fee in the property devised to

him, and upon his death it reverted to the estate of the testatrix and the surviving children as provided in the will. It follows that the court erred in sustaining a demurrer to the petition.

The judgment is reversed and remanded for proceedings consistent with this opinion.