## Prewitt et al. v. Prewitt's Executors et al.

January 31, 1947.

Thomas D. Grubbs for appellants.

Lewis A. White for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

This is a friendly action instituted by the executors, widow and the three children of Ed. R. Prewitt against testator's infant grand children for the construction of his will which reads:

"Ed. R. Prewitt's Will.

November 27th, 1941.

This is my last and only will.

First: that all my property be divided between my wife & three children according to law.

Second: That the title to the land received by my daughter, Kenney Prewitt Reynolds be in her and her children. Third: That any child dieing without heirs the property is to divert to the other heirs.

Fourth: That my son Ed. R. Prewitt, Jr. and J. Dawson Brother administrater on my estate and divide the land.

Ed. R. Prewitt, Sr.
March 20th, 1944.

As a codicil of my will, I desire that my son Edward R. Prewitt, Jr. and J. Dawson Brother act as executors of my estate without bond.

Ed. R. Prewitt, Sr.''

The chancellor in an exhaustive opinion wrote that the third paragraph of the will referred to the death of any children without leaving issue during testator's life, and that as all three of testator's children were living and had living issue at his death, all of the devised property vested at the death of testator. The grand children, acting through their guardian ad litem, appeal.

It is elementary in the construction of wills that the intention of the testator is to be gathered from the will as a whole—from the language used by the testator, Bowman v .Morgan, 236 Ky. 653, 33 S. W. 2d 703; Donelson's Ex'r v. Coates, 299 Ky. 608, 186 S. W. 2d 420; and the court may take into consideration the conditions surrounding the testator at the time the will is written to better appreciate his situation and ascertain his intention from the language used in the will, Jennings v. Jennings, 299 Ky. 779, 187 S. W. 2d 459.

Both briefs recite that Mr. Prewitt was a man in his early 70's when he wrote his will, unaided and without legal advice. He was well educated and had been a successful farmer and took commendable pride in his family, whom he loved and in whom he had much confidence. His children lived near him with the exception of his daughter, Kenney, and he saw much of them and his grand children. Kenney's husband's business required him to move from place to place and that family lived in various states. Mr. Prewitt's farm consisted of 1000 acres, which had been in his family for a long number of years and of which he was quite proud. The surplus

earnings from his extensive farming operations he invested in Government Bonds, and at the time of his death his personal estate amounted to approximately $75,000 and his farm was worth in round numbers $100,000. His widow is a lady of ample means and her personal estate is sufficient to maintain her in comfort independent of what Mr. Prewitt devised her.

With the rule in mind that the intention of the testator should be gathered from the will as a whole and in the light of the circumstances which surrounded the testator at the time it was written, let us examine Mr. Prewitt's will.

It is not seriously contended by appellants that the first paragraph of the will designated the title Mr. Prewitt's three children and his widow took in his estate, and it is tentatively admitted that he could limit or reduce by subsequent paragraphs the estate they were to take. The present rule in this jurisdiction is that a will is not completed until signed and that a clause or a paragraph devising property in fee may be limited by a subsequent provision of the will. Greenway v. White, 196 Ky. 745, 246 S. W. 137, 32 A. L. R. 1385; Donelson's Ex'r v. Coates, 299 Ky. 608, 187 S. W. 2d 420.

Nor is there any disagreement between the parties that under the second paragraph of the will, the daughter, Kenney, took a life estate in the land devised her with remainder to her children. Our rule is that where land is devised to a parent and his or her children, nothing to the contrary appearing in the will, the parent takes a life estate with remainder vesting in the children. E. H. Shelman & Co. v. Livers' Ex'x, 229 Ky. 90, 16 S. W. 2d 800; Stahr v. Mozley, 284 Ky. 552, 145 S. W. 2d 40.

The real controversy in this case centers on paragraph three of the will "that any child dieing without heirs the property is to divert to the other heirs." However, it is admitted that the word "heirs" in this paragraph was used in the popular or colloquial sense to mean children, which is in conformity with a long line of our decisions. Cecil v. Cecil, 161 Ky. 419, 170 S. W. 973; Bentley v. Consolidation Coal Co., 209 Ky. 63, 272 S. W. 48, in which latter case many authorities are cited.

The language in this third paragraph creates a de-

feasible fee and the question at issue is, upon what event does the defeasance depend. It is insisted by appellants that the defeasance is the death at any time of testator's three children without surviving issue. While appellees' contention is that the defeasance intended by the testator is the death of a child without leaving issue during testator's life.

The recognized rule in this State now is, that where the intention of the testator cannot be ascertained from the will it is presumed that the phrase "dying without issue" where personal property is involved refers to such death before the death of the testator; but when real estate is involved, it is presumed that the phrase means death at any time without issue. KRS 381.080; Harvey v. Bell, 118 Ky. 512, 81 S. W. 671; Atkinson v. Kern, 210 Ky. 824, 276 S. W. 977; Ireland v. Cooper, 211 Ky. 323, 277 S. W. 483; Mitchell v. Dauphin Deposit Trust Co., 283 Ky. 532, 142 S. W. 2d 181. And where the real and personal property are not separated, but are devised as a whole, both classes will be governed by the real estate rule. Ryan v. Ball, 267 Ky. 83, 101 S. W. 2d 187. But as we read this entire will, the testator in using the words "dying without issue" clearly intended them to apply to any of his three children dying without surviving issue during his life.

Mr. Prewitt was not estranged from any member of his family and his will shows he had great confidence in his son and son-in-law, J. Dawson Brother, because he named them as executors to serve without bond in distributing his personal estate of $75,000. More than that, he empowered his executors to perform the delicate task of dividing 1000 acres of valuable farm land among his devisees. Certainly, Mr. Prewitt never intended to limit Kenney to a life estate in the devise he made her of his personalty. Had this been in his mind, he would have limited her to a life estate in the entire devise in the second paragraph and not just in the land she received. Had he intended to limit the estate he devised to his other daughter and to his son, it is reasonable to infer that he would have incorporated such limitation in the second paragraph wherein he limited Kenney's interest in the land to a life estate. If testator had sufficient confidence in his son, Edward, to name him as one of his

executors to serve without bond, surely he had enough confidence in this son to trust him with the immediate fee in the estate devised Edward. The same line of reasoning applies to Elizabeth, whose husband J. Dawson Brother, was named as one of the executors.

In the first paragraph he divided all of his property "between my wife & three children according to law." Thus, he expressed himself as wanting his estate to vest immediately upon his death. Mr. Prewitt's apparent reason for limiting Kenney to a life estate in the land devised to her is that she and her husband were moving from place to place in distant states, and he felt that she might dispose of some of his cherished land to a person outside of the family; therefore, he gave her only a life estate and placed the remainder in her children to prevent her so doing.

There can be but little help derived from precedents in arriving at a testator's intention in construing his will, since no two wills are exactly alike and a slight change in the wording, when used under different circumstances, often requires a different interpretation of the testator's intention. As all rules of construction are designed to ascertain and give effect to the intention of the testator, such rules are to be employed only when doubt exists. If the intention of the testator is clear from the language of the will as a whole, then there is no reason to resort to rules of construction. 28 R. C. L. secs. 165, 166, pp. 204, 206; Price v. Price, 298 Ky. 608, 183 S. W. 2d 652; Conlee v. Conlee, 300 Ky. 685, 190 S. W. 2d 43.

It is clear to our minds that the will of Mr. Prewitt shows a plain intention on his part to vest upon his death all three of his children, who were then living and had living issue, with the fee in the property devised them, with the exception of Kenney who took only a life estate in the land, and that the phrase "any child dying without heirs" had reference to the time of his own death.

As the chancellor reached this conclusion, the judgment is affirmed.