## Hager et al. v. Becker.

May 17, 1949.

Watt M. Prichard, Judge.

James E. Adkins for appellant.

R. D. Davis and John C. Vigor for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Affirming.

This action was brought for the construction of the

will of Mrs. Margaret Maupin Hager, bearing date of June 6, 1942, which was probated soon after her death on March 1, 1947. Testatrix, after making certain minor bequests, divided equally among her three children the remainder of her estate of some $34,000. The particular portion of the will with which we are concerned is clause 7 which reads:

"To my son, John Franklin Hager, Jr., I give one-third of my remaining estate, it to be held in trust by the Second National Bank in Ashland, Kentucky, the income from same to be paid to him monthly or semi-monthly in such sum as the investment may bring and subject to the absolute direction and control of the trustees of the Bank. At his death the residue, if any, to be given outright to his three children, viz., Henry B. Hager, Adele D'Auvigne Hager and Joan Hager, now residing in Huntington, West Virginia. Their mother, Mrs. Henryetta B. Hager, to be appointed sole guardian for these three children, without bond. If any one of these three should not live, that portion shall go to the surviving ones, and no part of this trust fund shall go for any debts of said John Franklin Hager, Jr."

Our question is whether the trustee of John Franklin Hager, Jr., hereinafter referred to as John, may encroach upon the corpus of the trust fund, or whether only the income thereon may be used for John's support with the corpus kept intact for John's children after his death.

The chancellor adjudged that both the income and corpus of the fund may be used by the trustee for the support and maintenance of John, and ended his judgment with these words:

"It is further adjudged that the trustee has absolute discretion in determining what part of the income and what part of the corpus or both of the trust it is necessary to use for said support and maintenance, and the court so construes said will."

In seeking to reverse the judgment the three children of John insist that when testatrix created this trust fund for John and provided it should be invested and the income paid to him monthly or semi-monthly as the trustee in its absolute discretion might determine, and

at the death of John "the residue, if any, to be given outright to his three children," the will plainly shows it was her intention that John was to have only the income from the trust. Appellees contend that the 7th clause of the will places both the income and the corpus of the estate in the hands of the trustee to be used as his discretion dictates for the benefit of John, and provides if there is any residue at John's death, same goes to his three children.

A primary canon in the construction of wills is for the court to place itself in the situation of testatrix at the time the instrument was executed and to attempt to ascertain her intention from the will as a whole from the language she used. Prewitt v. Prewitt's Ex'rs, 303 Ky. 772, 199 S. W. 2d 435. In arriving at the intention of testatrix effect must be given to every part of her will and should there be doubt in apparently conflicting or inconsistent provisions, the construction to be followed is that which will harmonize with the whole. St. Matthews Bank v. De Charette, 259 Ky. 802, 83 S. W. 2d 471, 99 A. L. R. 1146.

In analyzing this will in our effort to determine the intention of testatrix, we fall back on another well-recognized rule of construction, that courts may transpose words, phrases and even sentences in the will. Buschemeyer v. Klein, 139 Ky. 124, 137, 129 S. W. 551; Bowman v. Morgan, 236 Ky. 653, 33 S. W. 2d 703, 707. Let us apply this rule to the 7th clause of Mrs. Hager's will.

The ambiguity in this clause arises from its structure. It does these things: (1) Gives one-third of the estate to the testatrix' son in trust; (2) names the trustee and makes the bequest subject to its absolute discretion and control; (3) specifically provides that the trustee shall pay the income from the invested estate monthly or semi-monthly (as it may determine) to the son; and (4) at his death gives outright "the residue, if any," to his three children. This is made clear by transposing the connective clause "and subject to the absolute direction and control of the trustee" and putting it to follow the appointment of the trustee. The clause would then read:

"To my son, John Franklin Hager, Jr., I give one-

third of my remaining estate to be held in trust by the Second National Bank in Ashland, Ky., and subject to its absolute direction and control. The income from same (is) to be paid to him monthly or semi-monthly in such sum as the investment may bring. At his death the residue, if any, to be given outright to his three chil-dren. * * *''

The word "residue" means "That which remains after a part is taken." Webster's New International Dictionary. "Residue" cannot refer merely to the income, for the trustee is directed to pay it over to the son monthly or semi-monthly in its discretion, and the relatively small income negatives any idea that there might be an accumulation of unpaid income at the time of the son's death. The word "residue" clearly contemplates an encroachment upon the principal as the trustee in its discretion may determine. The bequest is "To my son, John F. Hager, Jr.," The phrase "if any" anticipates that there may not be any residue to pass to the three grandchildren.

We are not impressed with appellants' argument that the words "residue, if any," signify that testatrix contemplated the trustee might possibly greatly impair or lose entirely the trust fund by unwise investments. Clearly, testatrix did not anticipate that the banking institution she designated as trustee would take such chances in investing this fund as to impair or completely lose it.

Nor do we think appellants' argument is sound that had testatrix intended the corpus of the fund to be used for the support of her son, she would have said so in direct, plain and unmistakable words. One reading this entire instrument is convinced that although Mrs. Hager was well educated, she did not have sufficient command of a legal vocabulary to express herself with clarity and exactness in creating a spendthrift trust to protect her unfortunate son from debts, and at the same time permit the trustee in its discretion to use both the income and the principal of the fund for his support, and then provide that any residue remaining at John's death should go to his three children. Such a trust is not easy for a layman to draw, especially when the testatrix is an old lady, unfamiliar with legal phraseology

and not in the habit of expressing herself in precise and exact words. From the wording of this instrument, there is no doubt in our minds that testatrix expressed her intention that the corpus of this trust, as well as the income therefrom, may be used in the absolute discretion of the trustee for her son's support, and any residue at his death is to go outright to his three children.

Proof was taken by appellees which shows the amount of the trust fund; John's age; the fact that several committees have been appointed to manage his affairs; that for fifteen years he had not worked, but during that time had lived with and been supported by his mother. Because the will was imperfectly worded or arranged, the author of this opinion thought it left in doubt the intention of the testatrix by what she said, and that extrinsic evidence was admissible to show the situation surrounding her when she executed the will, as well as the relationship existing between her and John, and perhaps other important facts, in an effort to determine what testatrix intended to say in the wording she used in drafting the will. Com. v. Manuel, 183 Ky. 48, 208 S. W. 327; Johnson v. Foley, 302 Ky. 848, 196 S. W. 2d 733. However, the majority of the court are of the opinion that the language of the will is not uncertain, ambiguous or repugnant and such extrinsic evidence was not admissible to show the circumstances and the situation surrounding Mrs. Hager, when the will was written, in order to arrive at her intention. See Marquette v. Marquette's Ex'rs, 190 Ky. 182, 227 S. W. 157.

As our views fully coincide with those expressed by the chancellor, his judgment is affirmed.