## Fitschen et al. v. United States Trust Co. et al.

October 17, 1950.

W. Scott Miller, Judge.

James R. McGarry and Niles & Will for appellants.

Tilford & Wetherby and J. L. Donaldson for appellees.

JUDGE HELM—Affirming.

N. L. Fitschen died testate in Jefferson County August 15, 1918, leaving a will and codicil thereto which were probated August 24, 1918. He was survived by his wife, Nannie P. Fitschen, and two sons—Theodore H. and Fred W. Fitschen. By his will dated August 30, 1915, he bequeathed all his personal property to his wife. He further proivded:

"I will and bequeath to my wife, Nannie P. Fitschen, all my real estate, situated in Louisville, Ky., to have and to hold for life or so long as she remains my widow, with privilege of disposing of either one or all of the pieces for reinvestment, same to be approved by the Jefferson County Court.

"After her death or remarriage the real estate to be divided, share and share alike between our two sons Theodore H. Fitschen and Fred W. Fitschen.

"I hereby appoint my wife Nannie P. Fitschen executrix of this my last will and testament and request she be accepted as my executrix without security."

By a codicil of August 13, 1918, he, by Item 1, appointed appellee, United States Trust Company, execu-

tor of his will. By Item 2 he devised all of his property to the Trust Company as follows:

"Item 2. All of my property, real, personal and mixed, wherever situated, or over which I possess any power of appointment by my will, I give, bequeath and devise to the United States Trust Company, of Louisville, Kentucky, as Trustee, upon the following trusts, towit:

"(a) To pay the net income therefrom in periodic installments to my wife, Nannie P. Fitschen, during her life.

"(b) During the life of my wife I vest in my said Trustee full and discretionary power to pay to my said wife, Nannie P. Fitschen, such amounts out of the principal of the trust fund in its hands as may be required in its judgment for the comfort, support and maintenance of my said wife during her life.

"(c) To pay the remainder of said trust fund which may be in its hands at the time of the death of my said wife to my two sons, share and share alike. If either of my two sons should be not living at the time of the death of my said wife, then the share of said son shall be divided among his heirs, according to the laws of descent and distribution of the State of Kentucky."

After the death of the testator, but before the death of the life tenant, Theodore H. Fitschen died December 6, 1931, intestate, unmarried, and without descendants. The other son, Fred W. Fitschen, died November 12, 1945. He left no descendants but was survived by his wife, appellee Nell Palmer Wade Fitschen. He devised his property to his wife. Nannie P. Fitschen died testate May 16, 1947. By her will she devised all of her estate to appellee, Nell Palmer Wade Fitschen, upon condition that appellee should continue to care for testatrix until her death, which condition appellee fulfilled.

This action, filed by appellee United States Trust Company as executor and trustee, involves the disposition of the residue of the trust fund under the will of N. L. Fitschen now in its hands. In its petition the Trust Company says the estate now in its possession amounts to $19,340; that it "believes that the estate

of N. L. Fitschen vested upon the death of his two sons in his widow, Nannie P. Fitschen, and should be distributed in accordance with the terms of her will. Nevertheless plaintiff believes it necessary to ask the court to determine whether or not such distribution would be proper and accordingly alleges the following: That if the said Nannie P. Fitschen as their sole heir did not inherit the remainder interests of the said Fred W. Fitschen and Theodore Fitschen upon their deaths, then one-half of said remainder interest passed to the heirs of their father, N. L. Fitschen, whose names and places of residence are unknown to plaintiff, and one-half to the heirs of their mother, Nannie P. Fitschen, * * *.''

The heirs of N. L. and Nannie P. Fitschen, many of whom live in other States and in Germany, are now before the court. In separate answers they plead: ''* * * that neither of said sons of N. L. Fischer left descendants; that accordingly, one-half of said remainder estate of N. L. Fitschen passed to and vested in fee simple in the heirs of N. L. Fitschen, representing the paternal kindred of said sons, and the other one-half of said remainder estate of N. L. Fitschen passed to and vested in fee simple in the heirs of Nannie P. Fitschen, representing the maternal kindred of said sons, all according to the laws of descent and distribution of the State of Kentucky; and that under said codicil to said will of N. L. Fitschen, said remainder estate is to be divided among said heirs of said sons according to said laws of the State of Kentucky.''

The case was submitted to the Chancellor on demurrers of appellees to their answers. The Chancellor adjudged as follows:

''This cause having been submitted for judgment on the pleadings and exhibits, and the court being sufficiently advised, it is considered, ordered, and adjudged by the court as follows:

''(1) That N. L. Fitschen, by his will and codicil, devised and bequeathed his entire estate in trust for the use and benefit of his widow, Nannie P. Fitschen, for and during her life, with power to encroach upon the principal.

''(2) That under said will and codicil of N. L.

Fitschen, his sons, Fred W. Fitschen and Theodore Fitschen, were each devised and bequeathed a vested remainder in one-half of the estate of the said N. L. Fitschen.

"(3) That upon the death of each said sons, before the death of their mother, Nannie P. Fitschen, the said Nannie P. Fitschen, as the sole heir-at-law of each of said sons, inherited the remainder interests of said Fred W. Fitschen and Theodore Fitschen in the estate of N. L. Fitschen; and that at her death, the said Nannie P. Fitschen was vested with the fee simple title to the entire estate of N. L. Fitschen.

"(4) That upon the death of the said Nannie P. Fitschen, the entire estate of N. L. Fitschen, then remaining, passed under her will to the United States Trust Company as Executor of her will to be distributed by said Executor, after the payment of all debts and costs of administration, to the defendant, Nell Palmer Wade Fitschen, as sole devisee and legatee under the will of Nannie P. Fitschen."

Clearly under the original will the testator's two sons were devised remainders in the real estate which became vested upon the testator's death. Shortly before he died the testator, no doubt realizing his condition, executed a codicil to his will naming appellee Trust Company as trustee of his entire property, and providing that the net income from the property should be paid to his wife during her life, and vesting the trustee with full power to pay any part of the principal of the trust fund to his wife for her comfort, support and maintenance during her life, and providing by the first part of Item 2 (c) that the remainder of the trust fund be paid to his two sons, share and share alike. No one except his wife and two sons are mentioned as devisees in the will and codicil. Appellants urge that because of the latter part of Item 2 (c) the sons were devised only contingent remainders. "It is a cardinal rule of construction of wills that no isolated part will be seized upon to determine the intention of the testator without regard to other parts of the will or the instrument as a whole, viewed in the light of the circumstances and the relation of the parties." Shackelford v. Kauffman, 263 Ky. 676, 93 S.W.2d 15; 19 West Ky. Digest, Wills, Key 470.

In Hager et al. v. Becker, 310 Ky. 340, 220 S.W.2d 839, 840, we said: "A primary canon in the construction of wills is for the court to place itself in the situation of testatrix at the time the instrument was executed and to attempt to ascertain her intention from the will as a whole from the language she used. Prewitt v. Prewitt's Ex'rs, 303 Ky. 772, 199 S.W.2d 435. In arriving at the intention of testatrix effect must be given to every part of her will and should there be doubt in apparently conflicting or inconsistent provisions, the construction to be followed is that which will harmonize with the whole. St. Matthews Bank v. De Charette, 259 Ky. 802, 83 S.W.2d 471, 99 A.L.R. 1146."

In Breckinridge et al. v. Breckinridge's Ex'rs et al., 264 Ky. 82, 94 S.W.2d 283, 287, we said: "The familiar rule employed in construing wills that the intention of the testator will, if possible, be determined from the instrument as a whole, and the language employed by him will control, regardless of the technical and collateral rules of construction, unless the meaning of the will be ambiguous, doubtful, or obscure, must be kept in mind. It is also a well-settled rule in construing wills that a will and codicil must be read together as one instrument, and, so far as practicable, provisions apparently inconsistent must be harmonized so as to give effect to each. * * * And, while the codicil will prevail where there is an irreconcilable conflict between it and the will, yet this rule will not be applied so as to effect an alteration of the will, unless such an intention on the part of the testator is clearly and unequivocally expressed in the codicil. Courts will endeavor to give effect to every part of a will, and will construe it so as not to disturb the provisions of the original will further than is absolutely necessary to give effect to the codicil. * * *"

In Montgomery v. Northcutt, 292 Ky. 622, 167 S.W.2d 317, 319, we said: " 'The present capacity of taking effect in possession, if the possession was to become vacant, and not the certainty that the possession will become vacant, before the estate limited in remainder determines, universally distinguishes a vested remainder from one that is contingent.' "

It is manifest that the testator, N. L. Fitschen, who prepared and wrote his will in his own hand, in-

tended to devise his property to his wife and two sons. By the codicil he placed his property in trust with the appellee Trust Company to insure that his property would be preserved and his wife provided for. In the light of the dominant purpose of the testator and the above rules of construction, we conclude that the Chancellor correctly decided that the testator, by his will and codicil, devised a vested remainder in one-half of his estate to each of his two sons.

The judgment is affirmed.