**Robert Stanley HARMON, an infant over 14 years of age, et al., Appellants,**

v.

**Robert O. MOSS, Sr., et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 27, 1961.

———◇———

Rodney J. Thompson, Winchester, for appellants.

Beverly P. White, J. Marshall McCann, White & McCann, Winchester, for appellees.

CLAY, Commissioner.

This suit seeks construction of the holographic will and codicil of Mary E. Moss, whose estate consisted principally of a 173 acre farm. The appeal is prosecuted by her only living grandchild.

At the time the will was written in 1945 the family of Mrs. Moss consisted of her husband, Robert Owens Moss, Sr., her son, Robert Owens Moss, Jr., her daughter, Elizabeth Haggard Harmon, and a grandson (son of Elizabeth), Robert Stanley Harmon. All these survived her death in 1951.

The will, containing both legal and colloquial language, devised the testatrix' property: one-third to her husband for life, or until he remarried, one-third to her daughter Elizabeth for life, and one-third to her son Robert for life, with the ultimate remainders to the children of Elizabeth and Robert. The parties agree on this. The son and daughter were given only life estates, with remainder to the grandchildren. Robert Stanley Harmon, an infant, is the only living child in this latter class but he represents other unborn children.

The vital question in the case is whether or not by the execution of a codicil about four years later the testatrix revoked those portions of the will creating life estates in her two children and converted them into fee simple estates. The Chancellor adjudged that she did.

The codicil provides (we have added the words in parenthesis):

"In stating Robert Stanley Harmon (the child of Elizabeth referred to in the will) or Robert Owens Moss' (senior or junior?) children are to heir his property heired from me *does not* mean said properties are entailed to said heirs.

"Robert Owens Moss (senior or junior?) is to do as he wishes with his part of farm provided he reinvests in

order to have something in his old age.

"Any property Elizabeth Haggard Harmon's heirs from me are to be kept in her own individual name and to never stand for Raymond Harmon's (the husband of Elizabeth) debts of any sort."

Clearly the codicil is lacking in clarity. It is ungrammatical. It is ambiguous. It deals with three disconnected subjects. It is the contention of the testatrix' children, Elizabeth and Robert, that this codicil had the legal effect of revoking the remainder interests of testatrix' grandchildren. It is contended on the latters' behalf that the codicil is so vague, indefinite and ambiguous it cannot be so construed. A question is raised as to whether or not the reference twice in the codicil to "Robert Owens Moss" was to the husband or the son of the testatrix. It will also be noted that the codicil does not specifically refer to any children of Elizabeth other than Robert Stanley Harmon, although the will created remainders in all of her children. The principal problem is what the testatrix meant by the use of the word "entailed."

■■ A will and a codicil must be read together and the provisions of both must be given effect and harmonized so far as possible. A codicil, however, will not be construed to effect an alteration of the will unless the intention to do so is clearly and unequivocally expressed in the codicil. Breckinridge v. Breckinridge's Executors, 264 Ky. 82, 94 S.W.2d 283; Fitschen v. United States Trust Co., 313 Ky. 700, 233 S.W.2d 405.

The most significant provision of this codicil is the first sentence, which states in substance that in giving an interest in the estate to the testatrix' grandchildren she *did not mean* the "properties are *entailed* to said heirs." (Our emphasis.) On the face of it, the mode of expression precludes an intention to make a major *change* in the will. The testatrix was undertaking to explain the meaning of what she had theretofore written (or thought she had written). In form this sentence is negative and interpretive. It does not affirmatively create new or different estates.

If the testatrix intended to cancel the interests of her grandchildren, it would have been the simplest thing in the world to say so. Instead she provided the properties were not "entailed" to them. This indicates their interests were not to be classified in a particular legal category, which we cannot know she understood. She may have meant that *after* reaching the grandchildren the trail of descent would terminate. It is pure speculation as to what she had in mind when using this term. "Entailed" is a precarious word, particularly in view of KRS 381.070 which converts entailed estates to fees. Its use here, as in a will considered in Forquer v. Bovard, 154 Ky. 377, 157 S.W. 724, is simply unintelligible. We cannot give this sentence the force and effect of destroying the remainder interests in the grandchildren created with directness and certainty by the will.

The next sentence of the codicil, providing Robert Owens Moss is to do what he wishes with his part of the farm provided he reinvests in order to have something in his old age, cannot be construed to cut off the remaindermen. In the first place, the reference may well have been to the husband, not the son. Secondly, this sentence is restrictive in character and is inconsistent with a fee. Thirdly, it shows no intention to change the nature of the estates created by the will.

The last sentence of the codicil, providing that Elizabeth's property should not stand for her husband's debts, adds nothing to the life estate devised by the will.

The codicil as a whole is nothing more than a hodge-podge of unrelated ideas carelessly expressed. Exactly what were the intentions of the testatrix concerning the legal rights she had created, no one will ever know. Clearly, however, the

**530**

mode of expression and the language used are not sufficiently certain to make a radical change in the nature of the estates so carefully created by the will.

Appellees rely on Patterson's Executor v. Dean, 241 Ky. 671, 44 S.W.2d 565. In that case the codicil in clear, direct and unrestrictive language devised a fee to the beneficiary who had been devised by will a life estate with power of encroachment.

Wherefore, the judgment is reversed with directions to enter a judgment confirming the remainder interests created by the will.