**Orval T. COOPER, Appellant,**

v.

**Lucille Christine Smith SARROS et al.,
Appellees.**

Court of Appeals of Kentucky.

June 4, 1965.

James Park, Jr., Stoll, Keenon & Park, Lexington, for appellant.

H. Wayne Riddle, Miller, Griffin & Marks, Lexington, for appellees.

MONTGOMERY, Judge.

"Ye lawyers who live upon litigants' fees,
And who need a good many to live at your ease,
Grave or gay, wise or witty, whate'er your degree,
Plain stuff or Queen's Counsel, take counsel of me:
When a festive occasion your spirit unbends,
You should never forget the profession's best friends;
So we'll send round the wine, and a light bumper fill
To the jolly testator who makes his own will."

Prosser, The Judicial Humorist, Page 246

This case concerns the construction of a holographic will written by a "jolly" testatrix. Lucille B. Cooper died on May 15, 1962, leaving the will dated March 22, 1962, and two codicils dated March 27, 1962, and April 25, 1962. At the time the will and codicils were written, the testatrix owned interests in three pieces of real estate: (1) an undivided one-half interest in a farm known as Hickory Hope Farm in Pulaski County; (2) an undivided one-half interest in a farm known as Farm No. 2; and (3) an undivided one-third interest in an apartment building known as 346 Harrison Avenue, Lexington.

On May 1, 1962, immediately after the execution of the will and both codicils, the decedent conveyed her interest in Farm No. 2 to her husband, appellant here. Consequently, at her death, she owned the one-half undivided interest in Hickory Hope Farm and the one-third undivided interest in the apartment house. Appellant owned the remaining undivided interests. She al-

so left some personal property about which no contention is made.

The Chancellor held that the testatrix's husband, appellant, took no interest in the real estate under the will and that it passed under the third paragraph of the will to Lucille Christine Smith Sarros, testatrix's daughter by a former marriage. The question on appeal is whether appellant, the husband, received any interest in the real estate under the will and codicils.

Only two parts of her will are directly involved: the second paragraph and the second codicil. The second paragraph is as follows:

"I will, devise and bequeath to my beloved husband one-half interest in all real property known as Hickory Hope Farm in Pulaski County, Farm No. 2 on West 80 Highway, Pulaski County and 346 Harrison Avenue as agreed, Lexington, Ky., being more fully described in codicil No. 2 attached herewith LBC."

The second codicil in its entirety follows:

"To more fully describe the agreement and full understanding between my beloved husband, Orval T. Cooper, and myself, prior to the acquisition of certain real property as described in paragraph No. 2 of my last Will, of which this codicil is a part and portion, I restate in writing that agreement which was oral in nature, but entered into in such a manner because of our mutual faith, trust and confidence in each other that said agreement would never be breached by either party.

"Said agreement was conceived upon the mutual recognition of the facts that each of the parties were approximately equal financial contribution to any mutual estate that might be created by our joint efforts. The past 19 years has proven the basic truth of that original basis for agreement, and both my husband and I have through the years been financially responsible for the creating of the estate described in paragraph 2 of this last Will.

"It was our mutual agreement that each of us, my husband and I, would have a ½ undivided interest in any property acquired. My beloved husband and I each having a child or children by prior marriage, it was our mutual desire and agreement, that by having a said ½ undivided interest in each party, which ever party predeceased the other would have an inheritance to devise and bequeath to the child or children without encumbrance by any statutory interest of the other.

"In detailing this agreement, which my beloved husband and myself have always considered to be part of our sacred marital understanding, it is my prayer and last request that its terms be honored as published herein. Its inclusion herein should not be construed as questioning my beloved husband's intention to carry out our mutual agreement, which for 19 years has been fully recognized and its terms resulting in the creation of any estate, though modest, at least founded upon the principles of our full understanding."

Appellant contends that he was devised one-half of the real estate owned by the testatrix by paragraph 2 of the will. The pertinent portion of the Chancellor's opinion denying this relief follows:

"No rule for construction of Wills is more firmly established than the rule that in arriving at testator's intention, the Court will look to the whole Will, including codicils or will consider the Will from its four corners rather than seizing upon some isolated portion of the Will to determine Testator's intention, without regard to other provisions of the Will. Fitschen vs. U. S. Trust Co., [313 Ky. 700] 233 S.W.2d 405.

"When the Will contains apparently inconsistent or repugnant provisions, every effort should be made to construe the provisions so that they harmonize and so that each provision in the Will will be given effect. Hager vs. Becker, [310 Ky. 340] 220 S.W.2d 839. Wiglesworth vs. Smith, [311 Ky. 366] 224 S.W.2d 177. Harmon vs. Moss, [Ky.] 342 S.W.2d 528. While the codicil will prevail where there is an irreconcilable conflict between it and the Will, yet this rule will not be applied so as to affect an alteration of the Will, unless such an intention on the part of the testator is clearly and unequivocally expressed in the codicil. Breckinridge et al vs. Breckinridge's Executors, et al, [264 Ky. 82] 94 S.W.2d 283. Fitschen vs. U. S. Trust Co., supra.

"Applying these fundamental rules to an interpretation of the Will of testatrix, we find that the claim of plaintiff to her real property rests solely upon the provisions of paragraph 2 of the Will. Admittedly, to almost the end of this paragraph the language used is such that it would devise to plaintiff a fee interest in the properties named. But just at the end there are the words 'as agreed', followed by the interpolation, 'being more fully described in Codicil No. 2 attached, L.B.C.'

"Upon an examination of Codicil 2, it is at once manifest that it was not the purpose of testatrix to devise plaintiff *her* interest in the real property. For in Codicil 2 testatrix recites that she and plaintiff each has a child by former marriages and that it was orally agreed between them that each would 'have an inheritance to devise to the child or children without encumbrance by any statutory interest of the other'.

"Testatrix further states, 'In detailing this agreement, which my beloved husband and myself have always considered to be part of our sacred marital understanding, it is my prayer and last request that its terms be *honored* and published herein'.

"When paragraph 2 of the Will is considered in conjunction with codicil 2 and paragraph 3 of the Will, which latter paragraph undertakes to devise the 'residue' to the daughter, it is apparent that testatrix intended to carry out what she refers to as her oral agreement with her husband, to devise her daughter by her former marriage her interest in the real properties which she owned.

"In construing these provisions and the language used therein by testatrix, it is important to remember that this Will was not written by one skilled in the art of drafting Wills, but by a laywoman who apparently, previous to the drafting of the Will, had made some effort to acquaint herself with the form and phraseology often used in Wills. The result of her efforts emphasizes the truth in the ancient adage, 'A little knowledge is a dangerous thing'.

"When testatrix set out in paragraph 2 that she devised and bequeathed to her husband 'one-half interest' in the real properties thereafter enumerated, it was her intention and purpose thereby to divest her estate of any interest or claim which her estate would have in her husband's interest in the property, in furtherance of her agreement with him. That testatrix believed that her estate has or might have some legal interest in or claim to her husband's interest in the jointly owned real properties, is indicated by her language in Codicil 2: 'Without encumbrance by any statutory interest of the other.' "

The Chancellor's conclusion that the appellant took no interest in the testatrix's real estate is correct.

Judgment affirmed.